BERT MAYFIELD v. THE STATE.

No. 12983.  Delivered March 5, 1930.
Reported in 25 S. W. (2d) 833.

The opinion states the case.

*Baker & Baker* of Coleman, *F. P. Bowman* of Goldthwaite, and *A. R. Eidson* of Hamilton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

There are two counts in the indictment in this case. Count No. 1 charges that appellant killed Ruby Osborn in a manner and by the use of means to the grand jurors unknown; count No. 2 charges that he committed an assault upon Ruby Osborn, and thereby put her in a position of peril, and in such fear. of her life and bodily safety as that she, to escape from such peril, and being under the influence of such fear so produced by such assault, jumped from a rapidly moving automobile and was thrown violently against the ground, sustaining injuries which caused her death. In his charge to the jury the learned trial judge submitted to them only the second count, charging that if the jury believed that appellant with malice aforethought voluntarily committed an assault, etc., putting Ruby Osborn in such fear of her life and bodily safety that, while under the influence of such fear, she fell or jumped from a rapidly moving automobile causing her death, etc., they should find him guilty of murder.

It is not questioned but that Ruby Osborn sustained injuries by either falling or jumping from a moving automobile driven by appellant, which injuries caused her death. It is in testimony that from the time she received such injuries until the time of her death, she was continuously unconscious, the attending physician testifying that at no time during said period was she rational or conscious. There is a bill of exceptions complaining of the admission in evidence of three statements made by deceased during the time she was so unconscious. Such statements should not have been received in evidence. We are not favored with a brief by the State, and therefore are in ignorance as to the theory upon which said statements were admitted. Manifestly they were not admissible as dying declaration, nor as res gestae. We know of no theory or rule of law under or upon which such testimony could be admitted. Mr. Underhill, in Sec. 182 of the 3rd edition of his work on Criminal Evidence, states that where a declaration is offered, it must appear that the declarant was mentally conscious. We find in Paschal v. State, 76 Texas Crim. Rep. 464, some discussion of the admission of statements by a witness at a time when she was unconscious. We said in the opinion: "It would have been proper for the court to have instructed the jury that unless they found from the evidence that at time Mrs. Paschal made the statement to Mrs. Sherrod she was sane, that is, she was rational and in possession of her faculties, they would not consider the testimony of Mrs. Sherrod." The testimony in that case showed that a physician had testified that the

declarant became unconscious before the statement referred to was made, and that she remained unconscious until the time of her death. We also find in Thompson v. State, 79 Texas Crim. Rep. 478, a case in which there was a dispute as to whether the witness was conscious at the time certain statements were made, that this court observed: "If the jury had not believed the woman was conscious when she made the statements charging appellant with having inflicted the wounds which caused her death, they should not and would not have convicted him." The court also holds that when there is an issue made as to whether the witness is conscious or not at the time the controverted statement was made, that issue should be submitted to the jury. In the instant case there was no question or controversy over the fact that at the time the statements were made, the witness was unconscious. The learned trial judge fell into error in admitting the statements.

It is earnestly insisted that the testimony fails to justify the theory that appellant made any assault upon deceased. We are constrained to agree with the contention. Appellant testified that he was driving deceased in a car going about thirty or thirty-five miles an hour, and she remonstrated because he was driving so fast and threatened to jump out of the car if he did not slow down. He said he thought she was joking, and before he knew it she was out on the running board, and jumped or fell from the car. We have examined the record closely, including statements made by him to other parties given in testimony, and fail to find anything in the record indicating that he made an assault upon her. There was an abrasion upon her head, but the doctor testified that it was made by her head coming in contact with the earth when she fell from the car. We think the learned trial judge erred in submitting to the jury any theory of death brought about by an assault.

We are constrained to the view that the facts in this case do not seem sufficient to support the verdict and judgment of guilty of murder. The flight of appellant after the young lady fell from the car, and his failure to render her aid, were circumstances greatly calculated to inflame the minds of the jury against him, but before a citizen of this State can be found guilty of a heinous crime and subjected to imprisonment in the penitentiary, there must be some substantial facts showing him to be guilty of a violation of the law.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*