## 44786. GODFREY v. THE STATE.
### (365 SE2d 93)

GREGORY, Justice.

Earl Godfrey was convicted of the offense of aggravated sodomy. We granted certiorari to consider whether the mother's testimony concerning statements made by the victim while asleep was admissible under OCGA § 24-3-16. *Godfrey v. State,* 183 Ga. App. 183 (358 SE2d 264) (1987). We reverse.

Appellant contends the trial court erred in allowing hearsay testimony by the mother of statements the child made while asleep. Specifically, the mother testified that, while asleep, the child ". . . was begging Earl not to pull his pants down and he told Earl not to do it, they were supposed to be walking the lines hunting a Christmas tree and he kept taking on for him not to do it."

OCGA § 24-3-16 provides: "A statement made by a child under the age of fourteen years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that *the circumstances of the statement provide sufficient indicia of reliability.*" (Emphasis supplied.)

OCGA § 24-3-16 is an exception to the rule against hearsay. The sole question considered in this opinion is whether the circumstances of the sleep-talk provide "sufficient indicia of reliability." We hold that the reliability of sleep talk statements is not established in this record and for that reason the statements should not have been admitted.

The Court of Appeals pointed out evidence in the record which indicates the child frequently repeated the events of the day in his sleep talk at night. However, because of the lack of information regarding the fundamental nature of sleep talk we hold this evidence is insufficient to meet the indicia of reliability test. As the statute indicates, the indicia of reliability must spring from the "circumstances of the statement." Here that requires expert testimony or other evidence going to the very nature of the phenomenon of sleep talk, *Harper v. State*, 249 Ga. 519 (292 SE2d 389) (1982). Such evidence must enable the court to determine the reliability of sleep talk generally from a scientific basis, as well as specifically under the circumstances of the statement in this case.

*Judgment reversed. All the Justices concur, except Marshall, C. J., Weltner and Hunt, JJ., who dissent.*

WELTNER, Justice, dissenting.

The child testified in court and was subject to cross-examination. The mother related the sleep utterances, and testified concerning her conversation with the child after he awakened — which was consistent with those utterances and with the child's testimony at trial.

There is no question that the child's testimony, given in court and subject to cross-examination, was admissible. If OCGA § 24-3-16 governs the evidence in this case, similar indications as contained in the sleep utterances must be considered as cumulative, hence harmless.

I am authorized to state that Chief Justice Marshall and Justice Hunt join in this dissent.

### ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, the State points to two theories in addition to that of OCGA § 24-3-16 which the Court of Appeals used to uphold the conviction in this case. We have examined both theories and find them insufficient as a basis for admitting the child's sleep-talk.

The first theory was that the child's sleep-talk was admissible under OCGA § 24-3-2 to explain the mother's conduct. However, we hold it was not necessary for the mother to explain her conduct in questioning the child. *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982).

The second theory was that the child's sleep-talk was a spontaneous declaration in response to a startling event. The difficulty with that theory is that the outcry was not in response to an actual event. Rather, the event was contained in a dream. It is the very nature of dreams which has led us to exclude the child's sleep talk until relia-

bility of dreams can be adequately established. The child's outcry in his sleep is no more reliable than the dream itself.

DECIDED FEBRUARY 18, 1988 —
RECONSIDERATION DENIED MARCH 2, 1988.

*William L. Reilly,* for appellant.
*Roger G. Queen, District Attorney,* for appellee.