77793. MORGAN v. THE STATE.
(377 SE2d 707)

BANKE, Presiding Judge.
The appellant, James Morgan, was convicted of three counts of aggravated sodomy and two counts of child molestation, all involving

his eight-year-old stepdaughter. On appeal he complains of certain evidentiary rulings made by the trial court. *Held*:

1. The appellant contends the trial court erred in admitting, over his hearsay objection, the following testimony by the examining physician: "[The child] stated that she never told anyone before because she was scared and that she would pray at night that the Lord would make her understand to tell someone. When asked why she told at this time, she said she trusted her teacher this year and that was why she was brave enough to tell her."

Pursuant to OCGA § 24-3-16, a statement made by a child under the age of 14 to another concerning sexual contact or physical abuse is admissible if the child is available to testify and the court finds sufficient indicia of reliability in the statement. See *Godfrey v. State*, 258 Ga. 28 (365 SE2d 93) (1988). The testimony in question "falls squarely within OCGA § 24-3-16 and the trial court did not err by allowing the statements." *Reynolds v. State*, 257 Ga. 725 (363 SE2d 249) (1988).

2. The physician testified that her examination revealed one large and two small tears in the child's vagina which were consistent with sexual molestation. The small tears were located through the use of toluidine blue dye. The appellant contends the trial court erred in denying his motion to exclude any reference to these tears because the use of the dye for this purpose was not shown to be reliable.

The physician was qualified as an expert and testified that the dye was used to highlight tears in tissue not visible to the naked eye. She stated that use of this technique was an accepted procedure within the medical profession and that she routinely used the procedure in examining for indications of sexual abuse. Based on this foundation, the references to the procedure were properly allowed. Accord *Godfrey v. State*, 258 Ga. 28 (365 SE2d 93) (1988); see generally *Harper v. State*, 249 Ga. 519 (1) (292 SE2d 389) (1982).

3. Applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we conclude that the evidence was sufficient to enable a rational trier of fact to find the appellant guilty of each and every count of the indictment beyond a reasonable doubt.

*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 5, 1989.

*Harl C. Duffey III*, for appellant.

*Stephen F. Lanier, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.