A89A1743. McCOY v. THE STATE.
(390 SE2d 251)

BANKE, Presiding Judge.

The appellant brings this appeal from his conviction of child molestation. *Held:*

1. The appellant contends that the trial court erred in denying his motion for directed verdict of acquittal. The evidence showed that during an episode of "play fighting" with the victim, the appellant placed the victim's shirt in her mouth, restrained her, and fondled her vagina. The victim struggled with the appellant, broke free from him, and immediately told her younger sister what had transpired. Later that same day, the victim reported the incident to her mother. She was thereafter examined by an emergency room nurse, who observed that the child's vaginal area was inflamed and that she had a two-inch bruise on her left hip. We conclude that, from the evidence as a whole, a rational trier of fact could have determined beyond a reasonable doubt that the appellant was guilty of child molestation. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We consequently hold that the trial court did not err in refusing to direct a verdict of acquittal.

2. The appellant enumerates as error the admission of evidence that he had twice pinched the victim on her breast prior to the act of molestation for which he was on trial. He contends that the state failed to notify him, in accordance with Rule 31.3 of the Uniform Superior Court Rules, of its intention to introduce such evidence. Assuming arguendo that the admission of this testimony was improper, we conclude that in the context of the other evidence in the case it was harmless, i.e., that it is "highly probable" the evidence did not contribute to the verdict. See *Minter v. State*, 258 Ga. 629 (2) (373 SE2d 359) (1988).

3. The appellant enumerates as error the admission of testimony

from various witnesses regarding out-of-court statements made by the victim, contending that this evidence violated his due process right of confrontation and improperly bolstered the victim's in-court testimony.

"Pursuant to OCGA § 24-3-16, a statement made by a child under the age of 14 to another concerning sexual contact or physical abuse is admissible if the child is available to testify and the court finds sufficient indicia of reliability in the statement." *Morgan v. State*, 189 Ga. App. 795, 796 (1) (377 SE2d 707) (1989). It is well settled that the admission of such evidence under these circumstances does not violate the constitutional right of confrontation "if the witness testifies at trial and is subject to cross-examination." *Reynolds v. State*, 257 Ga. 725, 726 (3) (363 SE2d 249) (1988). This enumeration of error is accordingly without merit.

4. The appellant contends that the state's attorney made certain improper remarks regarding his defense counsel during closing argument. However, the transcript reveals that after counsel objected to these remarks, the state abandoned the subject and made no further such remarks. "Whether overruled or sustained, a mere objection to alleged improper argument by the State in a criminal case raises on appeal *only* the issue of whether the trial court erred in failing to sustain the objection so as to require the State's counsel to desist from the argument, not whether the trial court erred in failing to take any other additional curative actions." *Hall v. State*, 180 Ga. App. 881, 883 (350 SE2d 801) (1986). As the appellant requested no curative instructions, and as the state abandoned this line of argument in response to his objections, this enumeration of error presents nothing for review.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 3, 1990 —
REHEARING DENIED JANUARY 17, 1990 —

*Bailey & Bearden, J. Lane Bearden,* for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.