A90A1183. KELLY v. THE STATE.
(399 SE2d 568)

POPE, Judge.

Defendant Thomas Kelly was convicted of two counts of child molestation, and appeals from the denial of his motion for new trial. *Held:*

1. Defendant first contends the trial court erred in not cautioning the 12-year-old victim's foster mother that she was not to influence the victim concerning whether she would consent to a pre-trial interview with defense counsel. Also in support of this enumeration, de-

fendant contends the prosecutor's actions in this case impermissibly denied his counsel access to the witness, and that he was denied his right to conduct a meaningful cross-examination of the witness in violation of the Sixth Amendment.

The record shows the trial court questioned the victim, pursuant to the motion of defendant, to ascertain whether she would consent to be interviewed by defendant's counsel. The court informed the victim she was free to decide the issue herself. The victim stated she would "probably" talk to defense counsel. The trial court directed that counsel could interview the witness that afternoon and that the foster mother could be present during the interview. Although the testimony concerning the events which occurred subsequent to the hearing is not without conflict, it appears that both a DFCS representative and the child's foster mother expressed concern over the interview process and the victim was not interviewed as previously agreed. When these events were brought to the attention of the trial court, the judge recalled the victim who testified she discussed her decision with her foster mother and decided not to be interviewed. However, the victim stated to the court that this was her own decision. The trial court appointed a guardian ad litem for the victim, who interviewed her and reported that she maintained her decision not to talk with defense counsel. The guardian ad litem testified "this is her own decision. She has talked with her foster mother about this, but in addition she just feels that she doesn't want to do it at this time. She's aware that she changed her mind on that, but she's sticking with her feeling that she doesn't wish to talk to the lawyer at this time."

Relying on *Dover v. State*, 250 Ga. 209 (2) (296 SE2d 710) (1982), cert. denied, 459 U. S. 1221 (1983), the State argues that when the witness is a child, the child's guardian (here DFCS) has the right to make the decision for the child as to whether the child will be interviewed by defendant's attorney prior to trial. However, defendant argues the foster mother's activities in influencing the victim in her decision to be interviewed are strictly prohibited by this court's holding in *Davidson v. State*, 183 Ga. App. 557 (4a) (359 SE2d 372), cert. denied, 183 Ga. App. 905 (1987). In *Davidson* the issue was whether the trial court erred by failing to direct the child's legal custodian to allow defense counsel to conduct a pre-trial interview with the victim. In finding no merit to this enumeration, this court noted that the trial court did order the legal custodian to make the victim available to defense counsel for a pre-trial interview and that the trial court noted that the victim should not be influenced by the desires and instructions of her legal custodian in deciding whether to talk to defense counsel. This court, however, did not indicate whether it would have been error if the trial court had allowed the legal custodian to make

the decision for the child, only that it did not do so in that case. We reiterate that based on *Dover*, supra, it is permissible for the legal custodian to decide whether the child will be made available to defense counsel for a pre-trial interview.

Moreover, pretermitting the question of who has the right to make the decision for the child, the record plainly shows that the victim in the case at bar exercised her own prerogative in refusing to be interviewed, and neither the State nor the foster mother denied counsel access to the witness. "Accused and his counsel have the right to interview witnesses before the trial; and the state has no right to deny them access to a witness material to the defense, but a witness cannot be compelled to submit to such interview. *Emmett v. State*, 232 Ga. 110, 113 (2) (a) (205 SE2d 231) (1974); *Rutledge v. State*, 245 Ga. 768, 769 (2) (267 SE2d 199) (1980)." (Punctuation omitted.) *Foster v. State*, 170 Ga. App. 222, 223 (2) (316 SE2d 828) (1984). Accord *Pendergrass v. State*, 168 Ga. App. 190 (2) (308 SE2d 585) (1983). Furthermore, our review of the transcript shows no merit to defendant's contention that the lack of access to the victim prior to trial prevented him from conducting a thorough and sifting cross-examination of the witness. " '(T)he burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. (Cit.)' *Steward v. State*, 180 Ga. App. 266, 267 (349 SE2d 18) (1986)." *Terry v. State*, 190 Ga. App. 570, 571-572 (2) (379 SE2d 604) (1989).

2. Defendant next contends the trial court erred in allowing a DFCS worker to testify concerning statements made by the victim because such testimony was cumulative and impermissibly bolstered the victim's trial testimony. Defendant also assigns error to the playing of the videotape of the victim on this same basis. However, the record shows that at the time defendant interjected his "bolstering" objection to the witness' testimony, the witness was testifying not about statements made by the victim but about the circumstances surrounding the making of the videotaped statement of the victim. This testimony was not only admissible but necessary to the subsequent introduction of the videotape. See, e.g., *Newberry v. State*, 184 Ga. App. 356 (2 & 4) (361 SE2d 499) (1987). Moreover, neither the witness' testimony concerning the statements made by the victim nor the videotape of the victim were subject to the objection now urged on appeal. "The testimony was admissible as provided for by statute (under OCGA § 24-3-16) and case law (*Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985)). [Likewise, the videotape was reliable and admissible under OCGA § 24-3-16. See, e.g., *Newberry v. State*, supra at (2).] Moreover, 'inquiry as to impermissible bolstering no longer is

necessary following *Cuzzort*, supra. (Cit.)' *Richardson v. State*, 256 Ga. 746 (5) (353 SE2d 342) (1987). No error was committed." *Treadway v. State*, 191 Ga. App. 111, 112 (2) (381 SE2d 43) (1989). See also *McCoy v. State*, 194 Ga. App. 244 (3) (390 SE2d 251) (1990).

3. Defendant also argues the trial court erred in allowing an investigator from the sheriff's office to testify concerning statements made by the victim, contending that such statements did not fall within the purview of OCGA § 24-3-16, inasmuch as that section allows the person *to whom [the child's statements are] made* to testify concerning the statement. As to this enumeration the record shows the witness was allowed to testify as to statements which were not made directly to him but which he observed and heard by watching a monitor during the taping. We agree the testimony was not admissible under OCGA § 24-3-16; the question remains, however, whether the introduction of such testimony was in fact harmful. Under the circumstances here, we find no error. The videotape was introduced at trial and played for the jury. Moreover, the officer's testimony was merely cumulative of other testimony presented at trial, including that of the victim and the DFCS worker who also testified concerning the videotaped statement of the victim, as well as the officer's own testimony concerning statements made directly to him by the child when he interviewed her. "Even if any error did occur, it was harmless because [defendant] was afforded the opportunity to cross-examine the victim about her out-of-court statements, and the [complained of] testimony was cumulative of other evidence adduced during the trial." *Hicks v. State*, 196 Ga. App. 311, 312 (1) (396 SE2d 60) (1990). Consequently, this enumeration presents no ground for reversal. See *Luckey v. State*, 185 Ga. App. 262, 263 (2) (363 SE2d 791) (1987).

4. Defendant asserts the trial court erred in allowing a DFCS worker to testify concerning the child abuse accommodation syndrome because she was not properly qualified as an expert witness. Defendant's main contention in support of this enumeration appears to be that the expert was not trained as a psychologist or psychiatrist. The witness in the case at bar testified that she gained her knowledge about child molestation through experience, through intensive and on-going training by attending frequent seminars, five or six of which dealt solely with child molestation, and through the study of literature on child abuse, including the work of Roland Summitt and his five-year research on the child abuse accommodation syndrome. " ' "[T]he special knowledge required to qualify as an expert may be derived from experience as well as study. [Cits.]" ' " *Westbrook v. State*, 186 Ga. App. 493, 494-495 (2(a)(1)) (368 SE2d 131) (1988). "[A] person's 'qualification as an expert witness rests entirely in the sound discretion of the judge. . . . The decision of the judge will not

usually be overturned' unless the witness actually lacks appropriate credentials or the judge has applied the wrong criteria. We find here that [the witness'] qualifications were appropriate and adequate." *Hyde v. State*, 189 Ga. App. 727, 729 (1) (377 SE2d 187) (1988). Moreover, defendant fails to allege how he has been harmed by the testimony of the witness. "An appellant must show not only alleged error but also ensuing harm. *Bowen v. State*, 170 Ga. App. 49, 50 (1) (316 SE2d 33) (1984)." *Hunter v. State*, 194 Ga. App. 711, 713 (2) (391 SE2d 695) (1990).

5. We have examined the court's charge to the jury on promiscuity and find no merit to defendant's contentions that said charge constituted an improper intimation or expression of the opinion of the trial court as is prohibited by OCGA § 17-8-57.

6. In his sixth enumeration of error defendant contends the trial court erred in allowing a "question and answer" page to be admitted into evidence as part of his in-custody statement. The record shows the statement admitted at trial consisted of two pages, both handwritten by one of the officers conducting the interview of defendant, and that the second page, but not the first, was signed and dated by the defendant. However, our examination of the statement clearly shows the second page was merely a continuation of the first as shown by the fact that the last sentence of the first page was continued and completed on the top of the second page. Moreover, although defendant testified at the *Jackson-Denno* hearing that he had never seen the first page of the statement and denied making some of the responses contained therein, one of the interviewing officers testified that the statements contained on both pages were made by defendant and that defendant read both pages prior to signing the bottom of the second page. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of [an in-custody statement] will be upheld on appeal." (Punctuation and citation omitted.) *Head v. State*, 191 Ga. App. 262, 264-265 (5) (381 SE2d 519) (1989).

7. Lastly, defendant contends the trial court erred in allowing another child to testify she had been molested by the defendant.

(a) In support of this enumeration defendant first argues the testimony was inadmissible because the State failed to give notice of its intent to present evidence of similar transactions as required by Uniform Superior Court Rule 31.3. The record shows the State offered the child as a rebuttal witness following the testimony of defendant's character witnesses. The trial court ruled the testimony admissible pursuant to Uniform Superior Court Rule 31.3 (D) which provides as follows: "If upon the trial of the case the defense places the defendant's character in issue, evidence of similar transactions or occurrences, as shall be admissible according to the rules of evidence, shall

be admissible, the above provisions [relating to notice of intent to present evidence] notwithstanding."

Defendant urges, however, that even if the witness' testimony was admissible under Rule 31.3 (D), as a rebuttal witness the child's testimony should have been limited to testimony concerning the general bad character of defendant, and thus the trial court erred by allowing the child to testify concerning the specific acts of defendant. "This argument has been waived because it was not presented to the trial court." *Aguilar v. State*, 240 Ga. 830, 834 (7) (242 SE2d 620) (1978).

(b) Defendant also posits that the trial court erred in allowing the witness to testify in rebuttal because her name was not on the witness list the State furnished to the defendant pursuant to OCGA § 17-7-110. "However, this court has repeatedly ruled that calling an unlisted witness in rebuttal is not error and does not violate § 17-7-110. [Cits.]" *Forney v. State*, 255 Ga. 316, 318 (2) (338 SE2d 252) (1986). Consequently, this enumeration provides no basis for reversal.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 30, 1990.

*Robert J. Reed*, for appellant.

*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.