A05A0991. PORTER v. THE STATE.
(621 SE2d 523)

ADAMS, Judge.

Richard James Porter appeals his conviction on two counts of aggravated assault and one count of possession of a firearm by a convicted felon. He contends that the trial court incorrectly allowed testimony of an unavailable witness and that his trial counsel was ineffective.

Construed in favor of the verdict, the evidence shows that Porter entered a package store wearing a hat, and that shortly thereafter he pulled a mask over his face, raised a gun, and ordered everyone to the ground. As the customers were getting on the floor, the owner, his wife and the cashier retreated to the store office, and the cashier grabbed his own gun. Porter fired his weapon and kicked in the office door. When the door opened, the cashier shot Porter, and during an ensuing struggle for Porter's weapon, the cashier saw blood on Porter's shirt. The two men bumped into a microwave oven in the office, and blood was later discovered there. The struggle continued outside the store, and after the cashier managed to get the clip out of Porter's gun, Porter fled. As they struggled outside, the cashier saw a man who he knew to be Bobby Fuller drive by. At the time of Porter's arrest only a short time later, he was bleeding from a gunshot wound. The blood found on the microwave was later tested and it exactly matched a sample of blood obtained from Porter after he was arrested. An expert testified that no two people, except identical twins, could have matching DNA as was found in the blood sample.

1. On the night of the incident, Officer Ron Rogers responded to a call that there was an armed robbery in progress. At trial, Rogers testified that he drove to the package store; obtained a description of the robber — including that he had a possible gunshot wound; radioed the information to a dispatcher; and asked for an emergency lookout. About ten minutes later, he received a call over the radio that there was a possible gunshot victim at a nursing home next to a hospital. Rogers went there and came into contact with a person named Bobby Fuller and two others. Rogers testified that "[Bobby Fuller] and Roy Fuller" said they were there to drop off James Porter to get medical attention. Also, Bobby Fuller was talking on a cell phone at the time, and Officer Rogers overheard enough information to learn the location of the shooting suspect, who was then found nearby.

Before Rogers testified, the State called Sylvia Lindsey, an investigator with the district attorney's office, to testify that significant efforts had been made to locate Bobby Fuller so that he could be subpoenaed to appear and testify about what Rogers had heard him say. The State was trying to show that Fuller was a necessary but unavailable witness. The State argued that Fuller's statement to Rogers was relevant to counter the defendant's assertion during opening argument that no person who had been shot could have traveled from the scene of the crime all the way to the nursing home in the time available.

Based on Lindsey's testimony, the court ruled that Rogers' testimony would be admissible because the witness was unavailable, the State exercised due diligence in attempting to locate him, the information was relevant, it had sufficient indicia of reliability, and there was no other evidence that would be more probative of the facts at issue than Rogers' testimony. On appeal, Porter contends the trial court's decision to allow the testimony was clearly erroneous. See *Walthour v. State*, 269 Ga. 396, 397 (2) (497 SE2d 799) (1998) (clearly erroneous standard applicable to trial court's decision to admit hearsay evidence). We disagree.

"In order for hearsay to be admitted under the necessity exception to the hearsay rule, it must be established that the testimony is necessary, that it has particular guarantees of trustworthiness, and that the hearsay statements are probative. *Chapel v. State*, 270 Ga. 151, 155 (4) (510 SE2d 802) (1998); OCGA § 24-3-1 (b)." *Henry v. State*, 278 Ga. 554, 557 (6) (604 SE2d 469) (2004). Some evidence was presented that supported each finding made by the trial court including evidence to show that the State had made diligent efforts to locate Bobby Fuller and that Fuller's statements to Rogers had sufficient indicia of reliability. "A trial court's factual findings are not clearly

erroneous if there is any evidence to support them." (Citations and punctuation omitted.) *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997).[1]

Furthermore, given the exact match of the blood found at the scene, the location and timing of Porter's capture, and the fact that he had a recent gunshot wound, the evidence of guilt is overwhelming, and therefore any possible error is harmless. "The proper test to determine whether error is harmless is not whether there is sufficient other evidence to convict but whether 'it is highly probable that the error did not contribute to the judgment.' [Cit.]" *Ragan v. State*, 264 Ga. 190, 192-193 (3) (442 SE2d 750) (1994).

2. Porter also contends that he received ineffective assistance of counsel. He claims that his trial counsel failed to inform him that he was subject to a possible sentence of 85 years without parole. But at the hearing on the motion for new trial, Porter's trial counsel testified that he did give Porter that information.

He also contends that his trial counsel should have renewed the objection to Bobby Fuller's statements. Because of our decision in Division 1, this claim is moot.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 16, 2005.

*L. Elizabeth Lane*, for appellant.
*Howard Z. Simms, District Attorney, Nancy S. Malcor, Assistant District Attorney*, for appellee.

---

[1] Because Porter did not assert any error in the admission of this evidence under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004) (clarifying the Sixth Amendment Confrontation Clause requirements with respect to testimonial hearsay), we do not address whether *Crawford* applies to the hearsay testimony offered in this case.