A06A1131. CLEMMONS v. THE STATE.
(638 SE2d 409)

RUFFIN, Chief Judge.

A jury found Tommie Lee Clemmons guilty of one count of child molestation and three counts of aggravated child molestation. In two enumerations of error, Clemmons contends that the trial court erred in admitting certain hearsay testimony under OCGA § 24-3-16. As we find no reversible error, we affirm.

Viewed in a light favorable to the jury's verdict,[1] the evidence shows that when G. M. was seven years old and B. C. was six years old, the two brothers were taken into Department of Family and Children Services (DFCS) custody and placed into foster care following allegations of neglect. Gloria Holsey served as a foster mother to the two boys. When the boys learned that they were to be returned to their family, they told Holsey that they did not want to go. Late one evening, G. M. approached Holsey and began crying. G. M. told Holsey that "bad things" had happened to him when he lived with his biological family. Holsey asked for clarification, and G. M. reported that his "Uncle Tommie" had put "his private part" in his mouth and in his "bottom." B. C. subsequently told Holsey that Uncle Tommie would come into his bed and suck his "private part."

Holsey called DFCS and reported the allegations of abuse. A forensic interview was then scheduled with the two boys at Open Arms, a child advocacy center. During the interview, G. M. disclosed the abuse he suffered both at the hands of his uncle and his mother. B. C., however, was reluctant to participate in the interview and did not disclose any allegations of abuse to the interviewer. G. M. was taken to a hospital for an examination, which revealed "multiple healed tears around the anal folds and . . . dilation of the anal ring." According to the examiner, the physical findings were consistent with chronic sexual abuse.

Both boys were also evaluated by Dr. Deloris Roys, a child psychologist. G. M. reported to Dr. Roys that, during "his whole life," his Uncle Tommie and mother "had forced him to do sexual things."

---

[1] See *Guzman v. State*, 273 Ga. App. 819 (616 SE2d 142) (2005).

Specifically, G. M. said that his mother would force him to perform oral and anal sodomy on her and that he was sodomized by his uncle. According to Dr. Roys, B. C. was very reticent and very traumatized. Although B. C. apparently did not disclose any abuse to Dr. Roys, he did admit to some "sexual acting out" including showing his penis to another child. Dr. Roys also testified that B. C. showed a "sexual sophistication" beyond that of an ordinary seven-year-old.

Both Clemmons and the children's mother were charged with multiple counts of child molestation and aggravated child molestation. The mother pleaded guilty to two counts of molestation, and she testified at Clemmons' trial. The mother stated that Clemmons, who is her older brother, began molesting her when she was between the ages of five and eight. G. M. also testified at trial and reiterated his statement that, from the time he was four or five, Clemmons had sodomized him both orally and anally. Based upon this and other evidence, the jury found Clemmons guilty.

1. On appeal, Clemmons argues that the trial court erred in admitting certain hearsay statements. Over Clemmons' objection, the trial court permitted Holsey to testify regarding a conversation she overheard between the two victims. Specifically, Holsey testified that she overheard the boys saying " '[t]hey got you' " to each other. She testified that on one occasion, she heard B. C. say, " 'My uncle got you. He got you a lot of times.' Then [G. M.] said, 'He got you, too.' "

Although the trial court purported to admit this testimony under OCGA § 24-3-16, Clemmons argues that this statute does not apply. Under this Code section,

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.[2]

Because the statements were not made to Holsey, Clemmons asserts that she should not have been permitted to testify regarding what the children said.

---

[2] OCGA § 24-3-16.

To the extent the trial court admitted Holsey's testimony under OCGA § 24-3-16, we agree that it abused its discretion.[3] As this Court recently reiterated,

> [i]t is fundamental that in all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly. In so doing, the ordinary signification shall be applied to all words. Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly.[4]

According to its plain terms, the child hearsay statute permits the admission of certain hearsay statements "by the testimony of the person or persons *to whom made*."[5] Thus, it does not encompass those statements that are merely overheard by another.[6]

Although Holsey's testimony was erroneously admitted, reversal is not required as Clemmons is unable to establish that he was harmed by its admission.[7] Initially, we note that the boys' alleged statements that their uncle had "got[ten] them" does not necessarily impute any criminal conduct. And, even if the hearsay could be construed as describing acts of molestation — as argued by Clemmons — it was cumulative of other testimony. And the erroneous admission of cumulative evidence provides no basis for reversal.[8]

2. During Dr. Roys' direct examination, she testified that while evaluating G. M., he relayed to her that "Clemmons had told [him] that [Clemmons] was waiting for his children to get old enough that he could do them." According to Clemmons, the admission of this "third-hand hearsay" constitutes reversible error. The State, on the other hand, contends that such testimony was admissible both under OCGA § 24-3-16 and as part of the res gestae of the crime.

Assuming, for the sake of argument, that Dr. Roys' testimony was inadmissible, we find its admission harmless. "The test for

---

[3] See *Steverson v. State*, 276 Ga. App. 876, 879 (3) (625 SE2d 476) (2005) (trial court's ruling on admissibility under OCGA § 24-3-16 will be affirmed absent abuse of discretion).

[4] (Citations and punctuation omitted.) *In the Interest of L. J.*, 279 Ga. App. 237, 238 (630 SE2d 771) (2006).

[5] (Emphasis supplied.) OCGA § 24-3-16.

[6] See *Kelly v. State*, 197 Ga. App. 811, 814 (3) (399 SE2d 568) (1990); compare *Brown v. State*, 280 Ga. App. 884 (635 SE2d 240) (2006) (where child victim is aware law enforcement officer is listening to interview behind two-way mirror, officer may testify regarding statements made).

[7] See *Kelly*, supra; *Estep v. State*, 238 Ga. App. 170, 173 (3) (518 SE2d 176) (1999) (improper admission of child hearsay reversible error only if it appears likely that the hearsay contributed to a guilty verdict).

[8] See *Kelly*, supra; *Wright v. State*, 259 Ga. App. 74, 78 (4) (576 SE2d 64) (2003) (" 'The admission of cumulative evidence is harmless.' ").

264

harmless error in a criminal case is whether it is highly probable that the error did not contribute to the judgment."[9] Here, we find it highly unlikely that this isolated statement by Dr. Roys contributed to the verdict. Although Clemmons contends that this testimony was the "only evidence" of his mental state, we disagree. There was ample evidence that Clemmons had the propensity to molest children, including G. M.'s detailed statements, the corroborating medical examination, and the testimony of the children's mother that Clemmons had molested her when she was very young. Indeed, the evidence — at least with respect to the molestation of G. M. — may fairly be characterized as overwhelming. Accordingly, any error in the admission of Dr. Roys' testimony was harmless.[10]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 3, 2006.

*John L. Tracy*, for appellant.
*Kenneth B. Hodges III, District Attorney, Christopher S. Cohilas, Assistant District Attorney*, for appellee.

---

[9] *Hanson v. State*, 263 Ga. App. 45, 46-47 (1) (587 SE2d 200) (2003).
[10] See *Porter v. State*, 275 Ga. App. 513, 515 (1) (621 SE2d 523) (2005) (improper admission of hearsay harmless in light of overwhelming evidence of guilt); *Meeks v. State*, 269 Ga. App. 836, 841 (1) (605 SE2d 428) (2004) (finding that trial court's erroneous refusal to allow defendant to question jurors was harmless in light of overwhelming evidence of guilt).