ACCEPTED
01-14-00174-cr
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/1/2015 11:58:57 PM
CHRISTOPHER PRINE
CLERK

# CASE NO. 01-14-00174-CR

## IN THE COURT OF APPEALS FOR THE

## FIRST JUDICIAL DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/1/2015 11:58:57 PM
CHRISTOPHER A. PRINE
Clerk

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## STEPHEN CLARK WEBB,
### Appellant

### vs.

## THE STATE OF TEXAS,
### Appellee

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**Appeal from the 337TH Judicial District Court
of Harris County, Texas
Trial Court Cause No. 1389676**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## APPELLANT'S MOTION FOR REHEARING
## OF THE COURT'S APRIL 2, 2015 JUDGMENT

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ORAL ARGUMENT
REQUESTED**

**JOHN S. COSSUM**
**TSB# 04854500**
**440 Louisiana, Suite 900**
**Houston, Texas 77002**
**Telephone:  (713) 222-6134**
**Facsimile:   (713) 222-6144**
**jcossum@cossumlaw.com**

**ATTORNEY FOR APPELLANT,
STEPHEN CLARK WEBB**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    INTRODUCTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

III   ARGUMENT AND AUTHORITY. . . . . . . . . . . . . . . . . . . . . . 1

IV   PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Certificate of Service and Compliance. . . . . . . . . . . . . . . . . . . . . . . . 5

# INDEX OF AUTHORITIES

**TEXAS CASES**                                                         **PAGE**

Mayfield v. State, 114 Tex. Crim 425, 25 S.W.2d 833 (1930).............. 1,2

**CASES FROM OTHER JURISDICTIONS**

*Commonwealth v Almeida*, 433 Mass. 717, 746 N.E.2d 139 (2001). ......... 3

*State v. Alan*, 12 Neb. App. 261, 670 N.W.2d 814 (2003)................. 3

*Godfrey v. State* 258 Ga. 28, 365 S.E.2d 93,94 (1998)..................... 3

*State v. Posten* 302 N.W.2d 638 (Minn 1981). ......................... 3

**TEXAS STATUTES**

TEX. R. EVID. 402........................................... 2

TEX. R. EVID. 403........................................... 2

TEX. R. EVID. 803........................................... 3

## I.  INTRODUCTION

By this motion for rehearing, Appellant asks this Court to revisit its decision to affirm Appellant's conviction for the offense of indecency with a child.  Rehearing is appropriate because, in affirming the trial court verdict, the Court misapplied the excited utteranc exception to the hearsay rule to statements made in one's sleep.  For that reason, Appellant asks the Court to reconsider its ruling and to reverse the trial Court's admission of clearly inflammatory and uniquely unreliable hearsay evidence.

## II.  SUMMARY OF ARGUMENT

Appellant submits that the Court's finding that "somniloquy" is admissible hearsay under the excited utterance exception to the hearsay rule is erroneous.  Specifically, Appellant contended at trial, in his Appellate brief, and contends again in this motion for rehearing, that the "sleep talk" from the Complainant does not qualify as an excited utterance because it is not a conscious reflection of the thoughts of the Compalinant, but rather unconscious banter.

## III.  ARGUMENT AND AUTHORITY

In asserting its position that the sleep talk of the Complainant was properly admitted, the Court suggested that the primary Texas case relied upon by Appellant, *Mayfield v State*, 25 S.W.2d 833 (Tex. Crim. App. 1930), though validly decided, no longer applied because the enactment of the Texas Rules of Evidence rendered it

1

moot as it applied to the facts of this case. This evaluation is seriously flawed and should be reconsidered.

In finding that statements made by the Complainant while unconscious in a murder case against the Defendant were inadmissible, the Texas Court of Criminal Appeals in *Mayfield* found that when a "declaration is offered, it must appear that the declarant was conscious." *Id.* at 834. This language was at least impliedly recognized by this Court in its decision as a valid interpretation of the common law. The Court, however, then erroneously concluded that with the codification of the "excited utterance" rule in the Texas Rule of Evidence, the *Mayfield* requirement that a person actually be conscious when a declaration is made for it to be admissible, somehow went away. It was then concluded that Appellant's proper objection (based on the Court's apparent concession of the questionable reliability of statements made in one's sleep), should have been under Rules 402 and 403.

Whereas certainly Appellant could have objected that an unconscious outcry is irrelevant under Rule 402, the inadmissible hearsay quality of the such an outcry renders a Rule 403 balancing objection not only unnecessary, but inappropriate (there can be no prejudicial vs probative balancing test where the proffered testimony is inadmissible). The suggestion that the excited utterance hearsay exception, based entirely on the premise that such statements are admissible because they are reliable,

2

should apply to an outcry made while one is unconscious, goes against the entire basis of the hearsay exception. This is the sound holding in *Commonwealth v Almeida*, 433 Mass. 717, 746 N.E.2d 139 (2001), where the Court held "(a)dmitting hearsay evidence of statements made while a person is sleeping, so-called 'sleep talk,' would run counter to one of the central principles governing the admissibility of evidence, namely, that the proffered material is reliable." *Almeida* at 719.

It should be noted that Rule 803 of the Massachusetts Guide to Evidence, like Rule 803 of the Texas Rules of Evidence, allows excited utterances as an exception to the hearsay rule, yet decided *Almeida* as it did. Similarly the rules of evidence in Nebraska, Georgia and Minnesota all have a Rule 803, yet in such states sleep talk has not been deemed admissible as an excited utterance. *See State v. Alan*, 12 Neb. App. 261, 670 N.W.2d 814 (2003) (expressions of a person made while asleep are not admissible as spontaneous statements, since they proceed from an unconscious and irresponsible condition. It has been said that such expressions have little or no meaning, are as likely to refer to unreal facts or conditions as to things real, and are wholly unreliable) *Godfrey v. State* 258 Ga. 28, 365 S.E.2d 93,94 (1998) (sleep talk not sufficiently reliable to merit admission in evidence); *State v. Posten* 302 N.W.2d 638 (Minn 1981)(while dreams are in some sense connected to waking hour's desires and anxieties, there is no indication that dream sequences mirror actual events").

3

It is imperative that the Court consider whether there is a sufficient indicia of reliability to justify the application of a hearsay exception before considering an entire category of statements admissible, particularly statements which by their nature are universally considered suspect. This did not occur in the Court's original decision.

In light of the mistake of the Court in concluding that the admission of outbursts by the Complainant while sleeping should be allowed, the Court should further reconsider the other errors identified by Appellate in his brief, consider their cummulative effect, and find reversible error.

## IV. <u>PRAYER FOR RELIEF</u>

**WHEREFORE, PREMISES CONSIDERED,** the Court should reconsider its opinion rendered April 2, 2015, find that reversible error appears in the record of the trial of this case, reverse the conviction of Appellant and remand the case to the trial court for further proceedings.

Respectfully submitted:

/s/ John S. Cossum
**JOHN S. COSSUM**
TSB# 04854500
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 222-6134
Facsimile: (713) 222-6144
E-mail: jcossum@cossumlaw.com

**ATTORNEY FOR APPELLANT,
STEPHEN CLARK WEBB**

4

<u>CERTIFICATE OF SERVICE</u>

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d) and (e),

I certify that a true and correct copy of the foregoing document has been delivered to

counsel for the State of Texas, Eric Kugler, via electronic transmission, on this, the

1st day of May, 2015, as follows:

> **ERIC KUGLER**, Assistant District Attorney
> TSB # 796910      E-Mail:  kugler_eric@dao.hctx.net
> **HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE**
> 1201 Franklin, Suite 600
> Houston, Texas 77002
> Telephone: (713) 755-5826

> /s/ John S. Cossum
> **JOHN S. COSSUM**
> TSB# 04854500
> 440 Louisiana, Suite 900
> Houston, Texas 77002
> Telephone:  (713) 222-6134
> Facsimile:    (713) 222-6144
> E-mail: jcossum@cossumlaw.com

> **ATTORNEY FOR APPELLANT,**
> **STEPHEN CLARK WEBB**