## A89A1127. JORDAN v. THE STATE.
(383 SE2d 631)

McMURRAY, Presiding Judge.

Defendant Jordan appeals his conviction of five counts of aggravated assault (assault with a deadly weapon). *Held*:

1. Defendant's second enumeration of error challenges the sufficiency of the evidence to support the verdict as to Counts 3 and 4, the aggravated assaults (assault with a deadly weapon) upon Randy and Cindy Schaffer. The State's evidence shows that Robert Bell and his wife had a barbecue at their home which approximately 40 to 50 people attended. Defendant, defendant's wife and a friend, and their children arrived at the party apparently at the invitation of one of Bell's guests. Bell had never seen defendant before. Defendant was intoxicated and arguing with his wife. When defendant struck his wife several times he was escorted to the van in which he had arrived and told to "sleep it off." Later, defendant emerged from the van shouting that he was not going to leave without his wife. A knife which defendant pulled was taken from him and broken. Defendant was told to leave and did in fact leave in the van. His wife refused to leave with defendant because she was afraid that defendant would beat her. Before leaving defendant threatened to return and "blow the f__ place off the map." Later, defendant returned, armed with a rifle. At that time Bell and a group of his guests were standing around some motorcycles. Defendant pointed the rifle at the individuals in the group of guests and ordered "all y'all M__ F__ against the wall." Randy and Cindy Schaffer were among those guests who composed this group of individuals ordered against a wall at gunpoint. After defendant's command, members of the group began dropping to the ground for safety as defendant fired a shot into the group, seriously wounding Bell. The rifle jammed and defendant's attempt to fire another shot failed. Defendant was subdued by two of the guests.

We find that the evidence was sufficient to enable a rational trier of fact to find defendant guilty of each of the five counts of aggravated assault (assault with a deadly weapon) of which defendant was convicted, including Count 3 charging an aggravated assault (assault with a deadly weapon) upon Randy Schaffer and count 4 charging an aggravated assault (assault with a deadly weapon) upon Cindy Schaffer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Morgan v. State*, 189 Ga. App. 795, 796 (3) (377 SE2d 707); *Benford*

*v. State,* 189 Ga. App. 761, 764 (2) (377 SE2d 530).

2. Defendant also enumerates as error the admission of evidence of his commission of a similar crime. The State's evidence at issue recounted an incident in September of 1982 when defendant's ex-wife accompanied by a friend and her boyfriend's daughter, drove to a softball park where defendant was playing. The purpose of the visit was to permit defendant's ex-wife to visit with their daughter who resided with defendant. After the visit the ex-wife and her friend spoke to defendant for a few minutes and then returned to their automobile and started to leave. Defendant walked up to the automobile and told his ex-wife, "you better tell your g___ d___ punk [referring to her boyfriend] he better not come to Paulding County. I better not catch him in Paulding County." After defendant's ex-wife responded, defendant held a pistol to her head and told his ex-wife he would kill her. When the ex-wife's friend spoke defendant told her to shut up or he would kill her too.

"Before evidence of similar offenses is admissible, two criteria must be met. First, it must be shown that appellant was the perpetrator of the similar offenses, and second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter." *Wimberly v. State,* 180 Ga. App. 148 (1) (348 SE2d 692). In the case sub judice, it is shown that defendant was the perpetrator of the prior offense. The similarity between the incident involving defendant's ex-wife and the crimes charged is clear. Both serve to illustrate a propensity of defendant to resort to the threat or use of firearms with little or no provocation, and that this conduct by defendant is not inhibited by the presence of witnesses. There is also sufficient evidence from which it may be concluded that defendant was motivated in each instance by romantic jealousy. The earlier incident was apparently precipitated by defendant's jealousy concerning his ex-wife's boyfriend, while in the case sub judice, there was evidence that the conduct of defendant's present wife at the Bells' party, including embracing one of the guests, aroused defendant's jealousy. The trial court properly admitted the evidence of the prior similar transaction. *Anderson v. State,* 184 Ga. App. 293, 294 (361 SE2d 270); *McLeroy v. State,* 184 Ga. App. 62, 63 (1) (360 SE2d 631).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JUNE 21, 1989.

*Kenneth D. Feldman,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assis-*

*tant District Attorney*, for appellee.