A90A2310. NORTON v. THE STATE.
(403 SE2d 884)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault and appeals from the denial of his motion for new trial. On appeal he contends that the trial court erred in admitting into evidence two alleged similar transactions.

The evidence showed that on January 24, 1987, the victim, a black American, participated in the "Brotherhood March" through the City of Cumming, Georgia, to the Forsyth County Courthouse. After listening to the speakers at the courthouse, the victim and several other participants in the march returned to their cars, encountering along the way persons who called them names and threw rocks, bricks and other objects at them. As the victim crossed the street in front of an establishment in which appellant had earlier been drinking, the victim was struck in the head with an unknown object which fractured his skull. It was later determined that the object which hit the victim was a piece of brick; however, the victim did not see who threw the brick at him.

The week following the brotherhood march, agent Douglas Carter was assigned to investigate the assault on the victim. Agent Carter, through contacts with local law enforcement agencies, followed various leads and interviewed numerous witnesses which eventually led to appellant's arrest. Agent Carter took written statements from many persons who stated that appellant told them that on the day of the brotherhood march he hit a black person in the head with a rock or brick. The statements indicated that appellant repeatedly referred to black people as "niggers." At trial, when some of those same individuals testified that the statements they gave to Agent Carter were not true, their statements were read into evidence for purposes of im-

peachment. The State also presented several witnesses who testified that sometime after the march, appellant told them that he had been in Forsyth County on the day of the march and had hit a black person in the head with a rock. Also, an officer with the City of Cumming police department testified that he arrived at the scene after the victim had been hit and that a little girl pointed at appellant as someone who had been throwing rocks.

The State introduced evidence of three similar transactions, and the admission of two of those form the basis for this appeal. The transcript from the hearing to determine the admissibility of the similar transactions reveals that in December 1987, appellant, while driving a tractor-trailer truck on an interstate highway in Maryland, pulled alongside Edward Reed, a black man, in an effort to prevent Reed from accelerating. The two began talking via CB radio, and appellant repeatedly referred to Reed as a "nigger" and made other derogatory comments. While appellant's truck was alongside Reed's truck, appellant aimed a gun out his window at Reed and threatened to kill him before driving away. When Reed spotted appellant's truck at a nearby truck stop, he stopped and called the police. The officer who took the report of the incident testified that appellant was very hostile and kept referring to Reed as a "nigger" and made other racially derogatory remarks to Reed. With regard to the second transaction, Christine Duvall testified that on January 15, 1987, she got into an argument with appellant at her girl friend's trailer. She left the trailer to get in her car, and appellant followed her and began throwing rocks and/or bricks at her car window. Appellant argues that the transactions did not meet the standard for admission of similar transactions and that the evidence improperly placed his character in evidence. We disagree.

" ' "Evidence of other similar crimes by a defendant is admissible if there is sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. Such evidence may be admitted to show state of mind or intent of a defendant. . . ." ' (Citations and punctuation omitted.) [Cits.]" *Flanagan v. State*, 193 Ga. App. 408, 409 (2) (388 SE2d 29) (1989). We find no error with the admission of the similar crimes evidence. It is undisputed that appellant was the perpetrator of the independent crimes and there was a sufficiently similar connection between the independent crimes, and the offense charged. The transaction involving Mr. Reed was offered to show appellant's hostile state of mind toward two unknown black men, which in both cases culminated in an unprovoked assault on the men. The transaction involving Ms. Duvall, while lacking the racial element was offered to show appellant's propensity for throwing rocks or bricks at persons when he becomes angry or agitated. Furthermore, the court charged

the jury on the limited purpose for which the similar transaction evidence was being admitted. Based on the similarities and the purposes for which the evidence was admitted, we find no error in the trial court's admission of this evidence. See *Jordan v. State*, 192 Ga. App. 69 (2) (383 SE2d 631) (1989).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 11, 1991.

*Howard & Delaney, Stephen A. Delaney*, for appellant.

*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellee.