### A92A0079. ADDIS v. THE STATE.
(416 SE2d 837)

SOGNIER, Chief Judge.

Jerry Addis was convicted of burglary and he appeals, enumerating the general grounds.

At appellant's bench trial, Terron Bonner testified that he was walking home at approximately 10:00 p.m. on the evening of February 27, 1990 when he observed a man, later identified as appellant, kicking the door of a church. Bonner called the police and, shortly thereafter, flagged down a passing patrol car occupied by Atlanta police officers Robert Wheeler and William Hanrahan. The officers testified they noticed that boards had been pried loose from a back window and heard loud noises coming from inside the church. They did not enter the building but identified themselves as police officers and ordered whoever was inside to come out. Appellant exited the church through the window in response to the police officers' order and was arrested. The Rev. Julia Dunham, the church's pastor, testified that the church had been locked on the evening in question and that appellant was not a member of the church and was not authorized to be in the church on that evening. She testified that there had been several burglaries at the church and that inside the church were silver candlesticks, a brass incense burner, and several other valuable items. Appellant testified that he had come onto the church grounds to relieve himself behind a tree, but denied entering the church.

OCGA § 16-7-1 provides, in pertinent part, that "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or . . . any other building . . . ." The indictment charged appellant with entering the church "with intent to commit a theft therein." On appeal, appellant concedes that there was evidence of an illegal entry, but contends the State failed to prove the essential element of intent to commit theft as alleged in the indictment. We do not agree.

Whether appellant entered the church with the intent to commit

theft was a matter for the factfinder's decision, based on the facts and circumstances proved at trial. *Bradshaw v. State*, 172 Ga. App. 330, 332 (323 SE2d 253) (1984). "The presence of valuables inside the premises can support an inference of intent to steal, particularly when no other motive is apparent." (Citations and punctuation omitted.) *McNair v. State*, 190 Ga. App. 412, 413 (1) (379 SE2d 424) (1989). We do not agree with appellant that no inference of intent to commit theft could be made because nothing was taken from the church and it is possible that he entered the church to sleep there. The fact that appellant may have failed to accomplish his intended purpose does not render a finding of burglary improper, see *Poole v. State*, 130 Ga. App. 603, 605 (2) (203 SE2d 886) (1974) and appellant's testimony that he lived with his parents and was on his way to his girl friend's home renders it improbable that he entered the church to sleep. Accordingly, as no other motive was apparent, given Pastor Dunham's testimony regarding the presence of valuables we find that the trial court, as the finder of fact, was authorized to infer intent to commit theft. *Bradshaw*, supra. We find the evidence sufficient to have authorized appellant's conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Bradshaw*, supra at 332-333.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1992.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Charles W. Smegal, Carl P. Greenberg, Assistant District Attorneys*, for appellee.