A91A1862. BOHANNON v. THE STATE.
(431 SE2d 149)

Judge John W. Sognier.

Charles Edward Bohannon was convicted of burglary and kidnapping with bodily harm. He appealed directly from the denial of a motion for new trial that had been filed more than 30 days after entry of the judgment of conviction. In *Bohannon v. State*, 203 Ga. App. 783 (417 SE2d 679) (1992), a majority of this court affirmed the judgment of the trial court on the ground that Bohannon's motion raised only issues that should have been raised in a timely motion for new trial and thus he should have sought leave to file an out-of-time appeal instead of filing an extraordinary motion for new trial. The Supreme Court granted certiorari, reversed this court's judgment, and remanded the case for a decision on the merits. *Bohannon v. State*, 262 Ga. 697 (425 SE2d 653) (1993). Accordingly, the prior opinion and judgment of this court are vacated, and we will address appellant's enumerations of error on the merits.

1. Appellant enumerates the general grounds. On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of the witnesses, but only determines whether the adjudication of guilt is supported by sufficient competent evidence. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849) (1988); *Blackshear v. State*, 199 Ga. App. 839 (1) (406 SE2d 269) (1991).

At trial, evidence was adduced that appellant and the victim had been romantically involved for several years and that appellant had repeatedly abused and intimidated the victim physically and emotionally. The victim testified that on the night of February 23, 1989, appellant telephoned her and demanded that she drive him from her Douglas County home to Rome. She testified that he sounded drunk and became angry when she refused his insistent demands. She walked next door to alert her neighbor to her plight, but ran back into her house when she saw appellant arrive in a relative's vehicle. Appellant kicked in her door and door frame, grabbed her by the neck (which was still very sensitive because of surgeries necessitated to promote healing of burns caused by appellant), threw her on the bed, and told her she was going to die. He then struck her in the face so hard that she "saw stars." She testified that he kept screaming at her that she was going to die and that she had to take him to Rome. He forced her outside her house and into the car, still holding her by the neck. He ordered her to drive to Rome and repeatedly stated he would kill her if she did not comply. When they reached his destination, he got out and warned her not to call police. She drove back to her home and reported the event to sheriff's deputies who had been called by neighbors when they discovered the damage to her door.

Given the substance of the prior telephone conversation and the fact that appellant kicked in the door, the jury was authorized to conclude that appellant entered the victim's home against her will and that he intended to kidnap her at the time he entered. See OCGA § 16-7-1 (a); see also *Addis v. State,* 203 Ga. App. 270 (416 SE2d 837) (1992). Further, the jury was authorized to conclude from the victim's description of appellant's actions that evening, particularly when combined with the evidence of his prior acts of intimidation and violence and her resulting fear of him, that she was forced to drive to Rome against her will in violation of OCGA § 16-5-40 (a) and that she received bodily injuries within the meaning of OCGA § 16-5-40 (b). See *Green v. State,* 193 Ga. App. 894, 896 (1) (389 SE2d 358) (1989); *Love v. State,* 190 Ga. App. 264, 265 (1) (378 SE2d 893) (1989). The evidence authorized any rational trier of fact to find beyond a reasonable doubt that appellant was guilty of the charged crimes. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Addis,* supra (burglary); *Green,* supra at 896 (1) (kidnapping with bodily injury).

Moreover, contrary to appellant's contentions, the burglary charge did not merge with the kidnapping charge. To establish the crime of burglary, the State needed to prove only that appellant entered the victim's home without authority and *with intent to* commit a felony (i.e., kidnapping), and did not have to prove actual commission of the felony. *Childs v. State,* 257 Ga. 243, 251 (12) (357 SE2d

48) (1987). "The offense of burglary was completed when the defendant entered or remained in [the victim's] house with the intent to commit the offense of kidnapping, and it was not necessary to the burglary charge to prove that he actually committed the offense of kidnapping. Hence, the offense of kidnapping was not included in the offense of burglary as a matter of fact or of law. He therefore was convicted properly of both offenses. [Cit.]" (Emphasis omitted.) Id. at 252 (12).

2. In four enumerations of error appellant challenges the admission, over his objections, of evidence of appellant's prior acts of violence against the victim and other women. The victim and other witnesses testified that appellant had often beaten the victim, leaving her with bruises, black eyes, and a broken nose. One year prior to the incident at issue, appellant doused the victim with rubbing alcohol and ignited it, resulting in burns over 35 percent of her body. Evidence also was adduced that appellant verbally abused the victim and isolated her from her family. The victim testified that she had taken out warrants for appellant's arrest on prior occasions but had been coerced by appellant and his family to withdraw her complaints.

In addition to the victim's testimony, appellant's former wife testified that appellant had beaten, kicked, slapped, and threatened her numerous times during their marriage and that she was still afraid of him. Delores Byars, an acquaintance of the victim who testified concerning her observations of appellant's prior acts of violence against the victim, also testified that appellant had committed violent and abusive acts against her.

(a) Contrary to appellant's assertions, the record reveals that the State did give timely notice of its intention to present evidence of prior violent acts against the victim and appellant's former wife as dictated by USCR 31.1, 31.3, and the trial court held a pretrial hearing and made the findings required by USCR 31.3 as applied in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). We disagree with appellant that the State's notice was insufficient merely because it indicated that the State would seek to introduce evidence of multiple acts of violence and intimidation but did not list specific dates and details of each such act. "The witnesses themselves were unable to specify the exact date[s] on which the prior incident[s] had occurred, and the appellant has not shown that this lack of specificity misled or prejudiced him in any way. [Moreover, the court granted appellant additional time to interview the witnesses and gather information concerning the prior acts.] Accordingly, we hold that '(i)n revealing to appellant the information which it had, the prosecution complied with (USCR) 31.3.' [Cit.]" *Parcell v. State*, 198 Ga. App. 439, 440 (1) (401 SE2d 628) (1991). Compare *Maxwell v. State*, 262 Ga. 73, 74 (2) (a) (414 SE2d 470) (1992) (notice held insufficient because State gave

no notice of intent to introduce evidence of prior bad acts and merely included information about such acts in a 780-page file given to defendant).

(b) Appellant also contended below and on appeal that the prior acts were not sufficiently similar to the charged crimes to justify an exception to the general rule that evidence of prior bad acts is not admissible unless the accused first puts his character in evidence.

In *Williams*, 261 Ga. at 641-643, the Supreme Court outlined a three-pronged inquiry that must be satisfied before evidence of prior similar transactions may be admitted. The trial court must hold a hearing at which the State is required to show that (1) the evidence is proffered not to raise an improper inference as to the accused's character, but for some appropriate purpose recognized as an exception to the general rule of inadmissibility; (2) the accused committed the prior acts; and (3) there is a sufficient logical connection or similarity between the prior difficulties and the crime charged so that proof of the former tends to prove the latter. The trial court's determination that these three showings have been made must be a part of the record. Id. at 642, n. 3. Although earlier decisions had not considered evidence of prior difficulties between the accused and the victim to be subject to the same rules governing admission of similar crimes, see *Rainwater v. State*, 256 Ga. 271, 272 (1) (347 SE2d 586) (1986), in *Maxwell* the Supreme Court held that the three-pronged inquiry for similar transaction evidence outlined in *Williams* would be applied to evidence of prior difficulties between the accused and the victim. *Maxwell*, supra at 75 (2) (b); see *Oliver v. State*, 207 Ga. App. 681 (428 SE2d 681) (1993).

The second prong of the *Williams* test was met because appellant's identity as the perpetrator of the prior acts was not in question. As to the first prong, our courts have long held that evidence of prior difficulties between an accused and the victim is relevant to show the bent of mind, motive, intent, and course of conduct of the accused toward the victim. *Rainwater*, supra at 271-272 (1); *Cooper v. State*, 256 Ga. 234, 235 (1) (347 SE2d 553) (1986); *Roberts v. State*, 123 Ga. 146, 156-160 (5) (51 SE 374) (1905). Evidence of similar violent or hostile acts against others likewise may be admitted to show bent of mind or course of conduct. *Norton v. State*, 199 Ga. App. 27 (403 SE2d 884) (1991); *Jordan v. State*, 192 Ga. App. 69, 70 (2) (383 SE2d 631) (1989). At trial, appellant's defense consisted primarily of seeking to establish that the victim was not injured on the night in question and was not taken to Rome against her will. Given this defense, evidence of prior acts of violence against the victim and others was properly admitted to show his motive, scheme, course of conduct, and bent of mind — i.e., his continuing pattern of abusing and intimidating the victim and other women is evidence that he likely abused and

coerced the victim on this occasion and that she was too afraid of him to refuse his demands. See *Rainwater*, supra; *Cooper*, supra; *Roberts*, supra; see also *Morris v. State*, 143 Ga. App. 713 (240 SE2d 99) (1977). Accord *Norton*, supra at 28-29; *Jordan*, supra.

With regard to the third prong of the *Williams* test, we hold the evidence of prior similar transactions and prior difficulties had a sufficient logical connection to the charged crimes. Viewed as a whole, the evidence at issue comprised a series of acts tending to show a course of conduct continuing up to the time of commission of the charged crimes, and this course of conduct was relevant to the issues of intent, motive, scheme, bent of mind, and lack of consent. See *Roberts*, supra at 159-160. The fact that assault differs from kidnapping and burglary does not necessarily make evidence of the former inadmissible in a trial for commission of the latter, for the true test of admissibility is not the number of similarities between the crimes, but whether the evidence of prior incidents was substantially relevant for some purpose other than to show that the defendant likely committed the crime because he is a person of bad character. *Faison v. State*, 199 Ga. App. 447, 448 (1) (405 SE2d 277) (1991). This evidence met that test and accordingly was properly admitted.

(c) Appellant contends in his briefs that the trial court failed to weigh the probative value of this evidence against its prejudicial effect. This issue, however, was not included in appellant's enumerations of error. An enumeration of error cannot be enlarged at the appellate level by statements in the briefs to include issues not raised in the enumerations of error. *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522) (1991). Therefore, this issue is not properly before this court for review.

Moreover, even assuming, without deciding, that the trial court is required to apply this balancing test, compare *Rainwater*, supra at 272 (1) and n. 2, with *Cooper*, supra at 235 (1), considering the probative value of this evidence, the trial court did not err by concluding that any prejudice to appellant was outweighed by its relevance to the issues on trial. See *Willis v. State*, 199 Ga. App. 658, 659 (1) (405 SE2d 739) (1991); see also *Cooper*, supra at 234-235 (1).

(d) The trial court denied appellant's motion for mistrial made after Byars testified concerning appellant's acts of violence against her. As appellant correctly stated below, these incidents were not included in the similar transaction notice submitted by the State. Pretermitting the question whether, as the State urges, these acts against Byars were admissible as part of the res gestae of violent acts against the victim, "we hold that in the context of the other evidence in the case [that was properly admitted], it is highly probable that [admission of this evidence] did not contribute to the verdict. [Cits.] Accordingly, this enumeration of error established no ground for re-

versal." *Parcell*, supra at 440 (2).

3. In his four remaining enumerations appellant contends certain other evidence adduced by the State improperly placed his character in issue. We do not agree.

(a) Testimony that appellant threatened the victim during the kidnapping was admissible over his "character" objection as part of the res gestae even if it incidentally placed appellant's character in evidence. See *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983).

(b) The testimony appellant challenges in his seventh enumeration of error does not appear in the record; therefore, this enumeration presents nothing for this court to review. *Polley v. State*, 203 Ga. App. 825, 826 (1) (418 SE2d 107) (1992).

(c) The testimony at issue in Enumeration 8 was part of the prior transaction evidence held admissible in Division 2, and thus the trial court did not err by admitting this evidence.

(d) The trial court denied appellant's motion for mistrial made after the victim referred to appellant as a "drug addict." A review of the transcript reveals that she made that comment on cross-examination as part of her answer to appellant's counsel's query about why she and appellant argued. "Trial counsel may not take chances in propounding questions which may elicit damaging answers and then demand a mistrial on the basis of the answer. [Cit.] Furthermore, the decision of whether to grant a mistrial is within the sound discretion of the trial court and [its] ruling will not be disturbed absent an abuse of discretion. [Cit.] Under these circumstances we find no abuse of discretion. The trial court did not err in denying appellant's motion for a mistrial." *Buxton v. State*, 253 Ga. 137, 139 (3) (317 SE2d 538) (1984).

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED APRIL 21, 1993 —
RECONSIDERATION DENIED MAY 3, 1993 

*Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney*, for appellee.