## A94A1463. WILLIS v. THE STATE.
### (448 SE2d 223)

BIRDSONG, Presiding Judge.

Willie James Willis appeals his conviction for three counts of aggravated assault and violation of OCGA § 16-11-131. The evidence showed that appellant went to the home of Mr. and Mrs. Fletcher Kendricks to look for his wife, Joyce Hudson, who is Mrs. Kendricks' sister. During an altercation he bit Mr. Kendricks on the arm. Mrs. Kendricks called her stepsister Glenda Bearden, whose husband is a police officer; Mr. and Mrs. Bearden went to the Kendrickses' home. When the bite wound on Mr. Kendricks' arm started swelling, his wife and Mrs. Bearden took him to the hospital. After they returned, appellant's teenaged brother knocked on the Kendrickses' door and asked for appellant's wife, Joyce Hudson. The boy was told that Joyce Hudson was not present. Soon after, appellant reappeared at the Kendrickses' door, knocked and asked for Joyce Hudson. At this time, Mr. Bearden and appellant engaged in a verbal confrontation. Bearden announced that he was a police officer and more harsh words were exchanged. Bearden asked appellant to leave and appellant cursed at him. Feeling threatened, Bearden reached toward his bag on the sofa next to the door and got his .45 caliber handgun. At that point appellant raised his revolver and fired into the apartment. Bearden pushed the door forward, aimed his gun around the door and fired two shots. Appellant continued to shoot and Bearden emptied his gun at him. Mrs. Kendricks saw appellant's gun; other witnesses heard it. Mrs. Bearden called 911 and police arrived in two minutes. Appellant, who had been shot three times, was found lying in some grass nearby. Neighbors had seen a teenager helping appellant down a path, and one neighbor saw appellant hand a gun to the teenager; the teenager ran away.

Appellant enumerates nine errors. *Held*:

1. Appellant contends the evidence was insufficient to support the verdict, as there was no evidence he had a gun or fired a gun, or at whom he fired a gun. Appellant was charged with shooting at, toward, or in the direction of Bearden, Mrs. Kendricks, and Mrs. Bearden. A gun was seen and heard in appellant's possession. The credibility of witnesses and the weight of the evidence are the province of the jury; we do not weigh evidence but only determine whether there is sufficient evidence to support the jury's verdict, and we construe the evi-

dence in favor of the jury's verdict because there is no presumption of innocence once the jury has found the appellant guilty. *Alexander v. State*, 199 Ga. App. 228 (404 SE2d 616); *Feagin v. State*, 198 Ga. App. 460 (1) (402 SE2d 80). We have examined the evidence, viewing it in favor of the jury's verdict, and find it sufficient to convince a rational trier of fact of appellant's guilt of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. There was no fatal variance between the evidence and the specific averments in the indictment that appellant shot "at, toward, or and in [each victim's] direction," and he was not entitled to a directed verdict under OCGA § 17-9-1. There was evidence from which the jury could find that appellant shot at, towards, or in the direction of all three victims.

3. Appellant makes several complaints as to the similar transaction evidence. The State offered two instances of aggravated assault as similar transactions but the trial court admitted only one. This evidence involved a fight between appellant and Curtis Hodges over some potato chips. Hodges and appellant had been drinking and indulging in other activities which they deemed pleasant; Hodges recalled that the fight included a gun but he was vague as to whether it also involved a steak sauce bottle or a liquor bottle. However, a police officer testified that while on patrol he heard two shots and looked through a window to see appellant with a knife in one hand and a gun in the other. The door opened and Hodges collapsed before the officer but there was no evidence he was shot.

(a) The evidence was not so dissimilar as to preclude its admission. Hodges remembered that for no reason appellant fired a gun and hit him in the head with a bottle. This incident tends to show appellant's temper and his propensity to settle disagreements with a gun, and particularly to act violently and impulsively to disappointment, jealousy or misunderstanding and to resort to the threat or use of firearms with little or no provocation. See *Jordan v. State*, 192 Ga. App. 69, 70 (383 SE2d 631); see also *Harris v. State*, 210 Ga. App. 366 (436 SE2d 231); *Norton v. State*, 199 Ga. App. 27 (403 SE2d 884). When sufficient basis exists to admit the evidence, dissimilarities such as the type of weapon used or the precise igniting act do not destroy the basis for admitting evidence as a similar transaction. See *Moore v. State*, 207 Ga. App. 897 (1) (429 SE2d 340).

(b) The fact that the evidence might incidentally place appellant's character in evidence does not destroy its admissibility as a similar transaction; the trial court did not err in determining that the relevance of this evidence outweighed any possible prejudicial effect. *Williams v. State*, 261 Ga. 640, 641-642 (409 SE2d 649); see *Robinson v. State*, 192 Ga. App. 32 (383 SE2d 593).

(c) Appellant contends that after the *Williams* hearing to determine admissibility of this evidence, the trial court failed to make the findings required by *Williams*. This issue is waived by appellant's failure to object at trial. *Cantrell v. State*, 210 Ga. App. 218, 221 (435 SE2d 737); *Hansen v. State*, 205 Ga. App. 604, 607 (1) (423 SE2d 273).

(d) The trial court's instructions to the jury as to the purpose for which the similar transaction evidence was admitted was not so conflicting or confusing as to be error.

4. The trial court did not err in failing to instruct the jury, on request, as to the lesser included offense of reckless conduct. The evidence shows either that appellant committed aggravated assault or he had no gun and did nothing, so the evidence did not support a finding of reckless conduct. *Scott v. State*, 208 Ga. App. 561 (430 SE2d 879).

5. Appellant contends the trial court impermissibly commented on the evidence by instructing that it is not essential for the State to locate physical evidence of gunfire to establish the crime of aggravated assault. The trial court charged: "[I]t is not essential for . . . the State to locate bullets or bullet holes or expended shells to establish the crime of aggravated assault." This is not an impermissible comment on the evidence under § 17-8-57. It does not assume or imply that there are no bullet holes, bullets or expended shells. It simply charges a point of law. The proscription against impermissible court commentary is violated only when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. *Turner v. State*, 259 Ga. 873 (388 SE2d 857); *Bussey v. State*, 202 Ga. App. 483 (414 SE2d 710).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 28, 1994 —
RECONSIDERATION DENIED AUGUST 22, 1994 —

*Ronald J. Scholar*, for appellant.
*Lewis R. Slaton, District Attorney, Vivian D. Hoard, Assistant District Attorney*, for appellee.