## A94A1846. SLOAN v. THE STATE.
### (449 SE2d 328)

McMURRAY, Presiding Judge.

Defendant was charged via indictment with aggravated assault, possession of a firearm during the commission of a crime, and posses-

sion of a firearm by a convicted felon. The evidence adduced at a jury trial shows that defendant shot Clifton Thomas with a handgun, wounding him in the head and shoulder. Defendant's request for an out-of-time appeal was granted and defendant appeals from the judgment of conviction and sentences. *Held*:

1. In his first and second enumerations, defendant contends the trial court erred in allowing the victim's brother, Antoine Thomas, and the witness Jonathan Brown, to relate evidence of prior difficulties with defendant, arguing that the State failed to establish the necessary elements of "perpetrator identity, and permissible purpose, and relevancy, and similarity of the acts."

According to the State's pretrial notice of intent to introduce evidence of prior incidents, there were four instances of prior difficulties between the witness Antoine Thomas and the defendant, each occurring in April 1993. Two of these prior instances also involved Clifton Thomas, the aggravated assault victim in this case. In two of those prior difficulties, defendant had allegedly brandished a gun. After a hearing, the trial court allowed the proffered evidence to be admitted.

"[O]ur courts have long held that evidence of prior difficulties between an accused and the victim is relevant to show the bent of mind, motive, intent, and course of conduct of the accused toward the victim. *Rainwater* [*v. State*, 256 Ga. 271 (1) (347 SE2d 586) (1986)]; *Cooper v. State*, 256 Ga. 234, 235 (1) (347 SE2d 553) (1986); *Roberts v. State*, 123 Ga. 146, 156-160 (5) (51 SE2d 374). Evidence of similar violent or hostile acts against others likewise may be admitted to show bent of mind or course of conduct. *Norton v. State*, 199 Ga. App. 27 (403 SE2d 884) (1991); *Jordan v. State*, 192 Ga. App. 69, 70 (2) (383 SE2d 631) (1989)." *Bohannon v. State*, 208 Ga. App. 576, 578 (2), 580 (2) (b) (431 SE2d 149). In the case sub judice, defendant's previous difficulties with the victim "and his family were admitted properly to show [defendant's] bent of mind toward them. *Wright v. State*, 184 Ga. 62 (8) (190 SE 663) (1937). These difficulties were connected logically to the crime on trial. *Hall v. State*, 261 Ga. [778, 781 (6) (415 SE2d 158)]." *Tharpe v. State*, 262 Ga. 110, 112 (7) (416 SE2d 78). The trial court did not abuse its discretion in admitting this evidence of prior difficulties. *Bohannon v. State*, 208 Ga. App. 576, 580 (2) (b), supra. Consequently, defendant's first two enumerations are without merit.

2. Defendant contends in his third enumeration the trial court erred in "failing to instruct the jury to limit its consideration of evidence of prior incidents to the purpose for which such evidence was admitted. . . ." However, defendant made no oral or written request for such limiting instruction before the case went to the jury. " 'It is axiomatic that where evidence has been admitted for a limited purpose, "it is not error for the court to fail to instruct the jury to limit

its consideration to the one purpose for which it is admissible, in the absence of a request to so instruct the jury." (Cits.)' *Rayner v. State,* 190 Ga. App. 746 (380 SE2d 342) (1989)." (Emphasis in original.) *Thomas v. State,* 199 Ga. App. 49, 50 (4) (404 SE2d 315). In the case sub judice, we cannot say that the failure of the trial court to give, sua sponte, a limiting instruction on the purposes for which the prior difficulties' evidence was admitted "was 'clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.' *Laney v. State,* 184 Ga. App. 463 (2) (361 SE2d 841) (1987)." *Thomas v. State,* 199 Ga. App. 49, 50 (4), 51, supra.

3. In his fourth enumeration, defendant contends the trial court erred in failing to give his written request to charge on the "mere presence" of the accused at the scene of a crime. Defendant concedes that "mere presence" was not raised by his own evidence of alibi but nevertheless argues that his requested charge should have been given because two witnesses for the State placed him at the scene but were unable to state that they saw defendant shoot the victim. However, "[t]he issue raised by [defendant's] final enumeration of error is controlled adversely to him by *Muhammad v. State,* 243 Ga. 404 (1) (254 SE2d 356) (1979) and *Tullis v. State,* 161 Ga. App. 106 (1) (289 SE2d 310) (1982)." *Loggins v. State,* 169 Ga. App. 511, 513 (4) (313 SE2d 769).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 5, 1994.

*Stanley C. House,* for appellant.
Carl L. Sloan, *pro se.*
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.