S98A0759. PARKER v. THE STATE.
(500 SE2d 903)

HUNSTEIN, Justice.

Dennis Parker was convicted of murder, cruelty to a child, and

concealing the death of his 17-month-old victim, Ladon Waldberg. He appeals from the denial of his amended motion for new trial.[1]

1. The jury was authorized to find that Parker had dated the victim's mother Simone Ferguson and that Parker was angry at Ferguson because he saw her in the company of another man. On the day before the crimes at issue, Ferguson came to Parker's residence with a male co-worker. Later that evening, Parker confronted Ferguson about the man and began arguing with her about why he had not been invited over for the evening. Notwithstanding the argument, Parker appeared the next day at Ferguson's residence to babysit Ladon while Ferguson went to work. The next morning police discovered Ladon's body under a staircase of a home located in a neighborhood frequented by drug users. While canvassing the neighborhood about the incident the police encountered Parker, who was at the house of a friend. Parker did not indicate to the police that he knew Ladon or was aware of the cause of his death.

In his statement to police following his arrest, Parker asserted that Ladon's death was accidental, caused because he was high on crack cocaine at the time he was babysitting. He claimed that he had smoked cocaine from 6:30-8:00 p.m. and that at around 8:00 p.m. Ladon began to choke. Parker maintained that in helping Ladon to stop choking he either struck Ladon with excessive force or improperly administered CPR. Parker submitted that he panicked after Ladon died and left Ladon's body "somewhere."

The autopsy report showed the cause of death as blunt force trauma to the head, causing a six-inch fracture in Ladon's skull. There were five bruises on the left side of Ladon's head; hemorrhaging around the spinal cord which indicated that Ladon had been shaken with a considerable amount of force; and symmetrical rib fractures which indicated excessive squeezing. There was no indication of pneumonia or any other condition which would have obstructed his airway and no indication of any injury sustained as a result of CPR. A crime scene investigation revealed a new dent in a metal closet door in Ferguson's bedroom of a size consistent with having been made by impact with Ladon's head.

The evidence presented at trial was sufficient to authorize a

---

[1] The homicide occurred on November 4, 1995. Parker was indicted on January 24, 1996 in Chatham County on charges of murder, felony murder, cruelty to a child and concealing the death of another person. He was found guilty of all charges on November 21, 1996. The trial court vacated the felony murder conviction and sentenced Parker to life imprisonment for murder, 20 years for cruelty to a child and 12 months for concealing Ladon's death. His motion for new trial, filed December 16, 1996 and amended November 26, 1997, was denied on December 29, 1997. A notice of appeal was filed on January 15, 1998, and docketed in the Court of Appeals which transferred the case to this Court on February 10, 1998. This appeal was docketed on February 12, 1998 and submitted for decision without oral argument.

rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Parker contends that the trial court erred by admitting evidence of a similar transaction. After a review of the record, we find no error in the trial court's admission of this evidence. See *Farley v. State*, 265 Ga. 622 (2) (458 SE2d 643) (1995); *Bohannon v. State*, 208 Ga. App. 576 (2) (b) (431 SE2d 149) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 26, 1998.

*Darden & Moyers, Richard M. Darden,* for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.