## 27301. PAULHILL v. THE STATE.

SUBMITTED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Joel M. Feldman, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Daniel I. MacIntyre, Deputy Assistant Attorney General,* for appellee.

GRICE, Presiding Justice. Johnny Paulhill was found guilty of the murder of George Flagg, Jr., following his indictment and trial in the Superior Court of Fulton County. He was sentenced to life imprisonment. Thereafter he filed a motion for new trial and an amendment thereto, which were denied. Enumerated as error are a preliminary statement which the trial judge made to the jury, failure to charge on involuntary manslaughter, and denial of the motion for new trial and its amendment.

■ The first enumeration asserts that the statement of the court relieved the jury of their responsibility in reaching a just verdict by implying that the verdict is not final and could be changed, and thereby prejudiced the appellant and denied him a fair trial. The language complained of is as follows: "He's charged you the law as he understands the law to be and of course if he errs in that regard, there's an appellate court to correct any errors of law the court might make in so charging you."

This excerpt, when considered in its context, was not harmful.

The circumstances and the language immediately preceding and following clearly show this.

The trial judge obviously determined that before any evidence, statement or argument were submitted, it would be helpful to the jury to be informed of the procedural aspects of the trial insofar as the attorneys, jury and court were concerned.

The words immediately preceding the italicized portion complained of and that immediately thereafter make this purpose quite apparent.

The judge said: "[I]t will become my duty to charge you the law as I understand the law to be. I said previously during the choosing of the jury and it is the jury's duty to take the law given them in charge and apply it to the facts. It doesn't make any difference whether you approve of the law or disapprove of it. Under your oath you're bound to take that law and apply it to the facts as you find the facts to be and the same thing applies to the trial judge. *He's charged you the law as he understands the law to be and of course if he errs in that regard, there's an appellate court to correct any errors of law the court might make in so charging you.* You will take the law given you in charge."

The language complained of is not susceptible to appellant's criticism that it relieved the jury of their duty as to finding the true facts.

No prejudice could possibly have resulted to him. The statement was made before, not after, any evidence was

introduced and therefore could not have conveyed the intimation that the trial judge believed the appellant to be guilty of the offense for which he was on trial. See *Monroe v. State,* 5 Ga. 85 (5).

We therefore find this enumeration to be without merit.

■ The second enumeration of error is that the trial court failed to charge upon involuntary manslaughter, as set forth in *Code Ann.* § 26-1103 (a) and (b).

There are three versions of how the homicide here occurred.

One is that, according to some of the evidence, the appellant walked to the bar, leaned over it, pointed the gun at the victim, pulled the trigger and shot him.

The second version, from other evidence, is that the appellant walked to the bar holding a paper bag down to his side in which a shotgun was concealed; that he threw the bag containing the gun upon the counter; that the victim ducked; and that the gun fired, striking the victim.

The third version, according to the appellant's unsworn statement, is that he took the gun away from another person to give it to the victim so as to avoid trouble; that as he laid the gun on the counter the butt hit the counter and the gun went off without his hand being on the trigger.

The trial judge charged fully and fairly on murder and accident, and the jury obviously found in favor of the first version.

We have concluded that it was not error to fail to charge on involuntary manslaughter, because the evidence constituting the second version, referred to above, did not authorize such a charge.

(a) In this connection the Criminal Code of Georgia (*Code Ann.* § 26-1103) provides in relevant part as follows: "(a) A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony."

The fact that the weapon which fired and killed the victim was being carried concealed by the appellant in vio-

lation of *Code Ann.* § 26-2901 did not authorize a charge on involuntary manslaughter. It is well established that "the essential elements of the crime of involuntary manslaughter in the commission of an unlawful act are, first, intent to commit the unlawful act; and secondly, the killing of a human being without having so intended but as the *proximate result* of such intended unlawful act." (Emphasis supplied.) *Passley v. State,* 62 Ga. App. 88, 89 (8 SE2d 131). The concealment, while unlawful, did not cause the death here. The firing of the gun did so.

(b) The other branch of involuntary manslaughter is defined in the Criminal Code of Georgia in material part as follows: "A person commits involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm." *Code Ann.* § 26-1103 (b).

This principle, as we appraise the record, was not required to be charged.

There was no evidence showing that the weapon was discharged in the manner contemplated by *Code Ann.* § 26-1103 (b), supra. Throwing the sack containing the gun on the counter was, from what appears here, not in accordance with safe practices of gun handling. However, it cannot be said that this measures up to "an *unlawful* manner *likely* to cause death or great bodily harm," as required by *Code Ann.* § 26-1103 (b). (Emphasis supplied.)

For the foregoing reasons this enumeration is likewise not meritorious.

We find no error.

*Judgment affirmed. All the Justices concur.*