## 60261. KNOWLES v. THE STATE.
## 60262. SWARTZ v. THE STATE.

SOGNIER, Judge.

Appellants were convicted in a joint trial in the Superior Court of Cobb County of commercial gambling and communicating gambling information. On appeal they first enumerate as error the trial court's denial of their extraordinary motion for a new trial; the motion was based on the fact that the state was unable to provide a complete, certified transcript of the trial, thus depriving appellants of their right to perfect a motion for a new trial and to perfect this appeal.

During the trial the state played a tape of portions of telephone

conversations between appellants and third parties obtained through electronic surveillance of appellants' telephones. The state acknowledged in its brief that much of its evidence was derived from electronic surveillance of the home telephone of appellant Swartz and the home and office telephones of appellant Knowles, and there is no question that the tapes were a material part of the state's case.

To obtain the tapes played before the jury, the state took the original tapes and made duplicate tapes. From the duplicates, the state made composite tapes, eliminating from the duplicate originals the portions the state believed to be irrelevant. The composites were played to the jury and simultaneously the state provided written transcripts of the tapes to members of the jury and the court reporter.

At two evidentiary hearings on the motion the court reporter testified that she had had difficulty in understanding the tapes; that she advised the police officer operating the machine and the prosecuting attorney that she was having difficulty hearing the tapes and requested that the police officer adjust the volume; that the written transcript provided her at trial contained some discrepancies from the composite tapes being played to the jury; that she expended over 100 hours trying to decipher the tapes and prepare an accurate transcript; that by listening to the original tapes, the composite tapes utilizing the written transcript of the composite tapes and her own tape from the trial, she could not decipher what the composite said and came out with three different versions; and that she could not transcribe the tapes with any degree of accuracy and was unable to certify the transcript as a true and exact transcript of the trial.

The trial court stated that the record could not be reconstructed by the counsel or the trial court, and concluded that the record, together with the inaudible tapes, should be forwarded to this court for review. It is not the function of this court to prepare a transcript of the trial; that is the function of the state, as required by Code Ann. § 6-805 (a). It is unreasonable to assume that this court could decipher inaudible tapes when the court reporter worked over 100 hours and was unable to do so, and the trial court and counsel were unable to reconstruct the record. Both this court and our Supreme Court have held that the failure of the state to file a correct transcript, through no fault of appellant, effectively deprives the defendant of his right of appeal. *Wade v. State,* 231 Ga. 131, 133 (1) (200 SE2d 271) (1973); *McElwee v. State,* 147 Ga. App. 84, 87-88 (248 SE2d 162) (1978). Accordingly, these cases are reversed and remanded for a new trial.

*Judgments reversed and remanded for new trial. Deen, C. J., and Birdsong, J., concur.*

ARGUED JULY 8, 1980 — DECIDED OCTOBER 10, 1980 —

REHEARINGS DENIED NOVEMBER 12, 1980 — 

*Hylton B. Dupree, Jr.,* for appellants.
*Thomas J. Charron, District Attorney,* for appellee.