A92A0247. PETERSON v. THE STATE.
(419 SE2d 757)

COOPER, Judge.

Appellant appeals from his conviction of aggravated assault, carrying a concealed weapon and carrying a firearm to a public place.

Appellant, along with Gloria Howard and two others, visited Jonesboro Senior High School for the purpose of checking Howard's son out of school. Howard's son had been threatened during the day by a group of students. The assistant principal of the school saw Howard's group at the school after the school released Howard's son. As the assistant principal asked the group to leave the school premises, the bell signalling the end of the day rang, and a mass exit of the students began. Howard and her son walked away to approach one of the students, and the assistant principal remained with appellant and one other of Howard's group. As one student, Sherrod Meadows exited the school, the assistant principal observed appellant approach Meadows and engage in a verbal exchange. Appellant then moved toward the assistant principal, pulled a gun out of his slacks, cocked the gun, pointed it to the assistant principal's nose and stated that he "was gonna get rid of all these mother ——————." As the assistant principal asked appellant for the gun, appellant waved the gun around, waved it at Meadows and made a 360 degree circle, waving the gun at a crowd of students which had gathered around him. The assistant principal ran into the office to call for assistance, and when she returned to the scene, Howard, appellant and the group had left the school. Meadows testified that he was afraid when appellant waved the gun at him. The assistant principal gave the officer who responded to the call a vehicle description, tag number, description of the occupants of the vehicle and pointed out the direction Howard's vehicle had taken. The police air unit spotted the vehicle, and the officer went to the location where the vehicle had been stopped. The

officer found a nine millimeter semi-automatic handgun in the vehicle with one round of ammunition loaded in the chamber of the gun and another round of ammunition loaded in the clip. The gun was cocked, the safety was off and it was ready to fire. Appellant was indicted and convicted of aggravated assault against Meadows, carrying a concealed weapon and carrying a firearm to a public place.

1. Appellant first enumerates that the trial court erred in failing to grant appellant's motion for directed verdict or motion for new trial, asserting the insufficiency of the evidence to convict appellant of aggravated assault against Meadows. "OCGA § 16-5-21 (a) provides, in pertinent part: 'A person commits the offense of aggravated assault when he assaults: . . . (2) With a deadly weapon . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury.' The facts here establish clearly that appellant committed an act with a deadly weapon which placed [Meadows] in reasonable apprehension of immediately receiving a violent injury. . . . There is no requirement that a victim be actually injured and the crime is complete without proof of injury. [Cit.] . . . Although in every assault there must be an intent to injure, the question of criminal intention is for the jury and shall not be disturbed by this court unless it is contrary to the evidence and clearly erroneous. [Cit.]" *Daughtry v. State,* 180 Ga. App. 711 (1), 712 (350 SE2d 53) (1986). "Criminal intent rarely can be proved by direct evidence, but its existence may be inferred by the trier of fact 'upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' [Cit.]" *Cline v. State,* 199 Ga. App. 532, 533 (2) (405 SE2d 524) (1991). We conclude that the evidence presented in this case was sufficient to sustain a finding of guilt of the crime charged by a rational trier of fact beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that hearsay testimony was admitted and harmful error occurred when the trial court allowed the police officer to testify as to his communications with the police air patrol. The officer testified that when he arrived at the school, the assistant principal gave him a vehicle description, a tag number, description of the occupants and pointed out the direction that the vehicle was travelling. He stated that he put out a radio lookout for the vehicle; that he proceeded in the direction indicated; that the air unit spotted the vehicle; and that the air unit maintained surveillance. After the defense objection to any statement made by the air patrol was overruled, the officer stated, "At that time I did not have the vehicle in sight. I heard other units over the radio advise they had stopped the vehicle." Appellant contends that this testimony was prejudicial because it reflected on appellant's flight from the school. Pretermitting

the question of whether or not this evidence was admissible as explaining the circumstances leading to appellant's arrest, see *Ivester v. State,* 252 Ga. 333 (2) (313 SE2d 674) (1984), we conclude that it is highly improbable that the testimony contributed to the verdict. See *Rhine v. State,* 176 Ga. App. 171 (1) (335 SE2d 422) (1985). The testimony of the assistant principal had already clearly indicated that appellant had left the scene of the crime, and both the assistant principal and the officer testified that the assistant principal gave the officer a description of the vehicle and the direction in which the vehicle was driven. The one statement of the officer regarding his contact with the air patrol does not cast any prejudicial light on the fact that the vehicle in which appellant was a passenger left the school and proceeded away in a certain direction. Error, if it occurred, was harmless. *Tyner v. State,* 193 Ga. App. 126 (1) (387 SE2d 50) (1989).

3. Appellant concludes with an assertion that the trial court erred in denying his motion for a mistrial made following the prosecutor's closing argument. Appellant contends that the prosecutor improperly commented on appellant's failure to testify. The prosecutor's closing argument was not transcribed nor was a substitute thereof included in the record. See OCGA § 5-6-41 (d) "With neither an original transcript of the offending portions of the [prosecutor's] argument nor a transcript prepared from recollection (OCGA § 5-6-41 (g)), we must presume that the trial court acted correctly. [Cit.]" *Houck v. State,* 173 Ga. App. 388 (2), 389 (326 SE2d 567) (1985).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 10, 1992.

*Elizabeth A. Baker,* for appellant.

*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney,* for appellee.