A93A2304. WILLINGHAM v. THE STATE.
(442 SE2d 4)

COOPER, Judge.

Appellant was convicted by a jury of battery and illegal possession of an alcoholic beverage. He appeals from the judgment of conviction and raises as his sole enumeration of error the trial court's denial of his motion for mistrial.

Prior to trial, the State filed a notice of intent to present evidence of a similar transaction which involved a battery committed by appellant against a different victim. Appellant filed a motion in limine to exclude any testimony relating to the similar transaction until the court ruled on the admissibility of the similar transaction. The trial court granted the motion and instructed the prosecutor to instruct her witnesses not to mention any other incidents involving appellant.

After the victim testified during direct examination that he had known appellant for approximately 15 years, the prosecutor asked the victim if he had ever witnessed appellant beat up anyone else. Appellant's counsel objected and moved for a mistrial which the trial judge denied. The judge then instructed the prosecutor not to ask the question. At the conclusion of the victim's testimony, appellant's counsel again moved for a mistrial which the judge denied. The judge then heard the State's evidence on the similar transaction and ruled that the evidence was not admissible. Appellant renewed his motion for mistrial, and the judge denied the motion. Following the lunch break,

appellant again renewed his motion for a mistrial and asked that the judge give a curative instruction and rebuke the prosecutor. When the jury returned to the courtroom, the judge instructed the jury as follows: "The defendant in this case is on trial for this incident and this incident alone. You will recall at the end of [the victim's] redirect examination by the assistant solicitor there was a question asked and the objection was sustained to that question, and I am going to remind you now that you are not to take — you're to totally disregard that question and not to assume anything from it about any other incidents that are not relevant here at all, if indeed there were any incidents, and there has been no evidence that there has been. So you are to disregard that question entirely. I will also remind the prosecutor that was an improper question and you're not to do that again. (Indention omitted.)" To preserve the issue for appeal, appellant renewed his motion for a mistrial, which was denied.

"Where, as here, counsel has [asked a question] regarding prejudicial matters not in evidence before the jury, OCGA § 17-8-75 provides the trial court with discretion to order a mistrial. His refusal to do so, coupled with appropriate curative instructions and admonishment of state's counsel, absent manifest abuse, will not be reversed. . . . [Cit.]" *Schirato v. State*, 260 Ga. 170, 172 (4) (391 SE2d 116) (1990). The evidence the State tried to elicit was clearly irrelevant and inadmissible, and we strongly disapprove of the State's attempt to place this evidence before the jury. However, we find the trial court's instruction to the jury and rebuke of the prosecutor were sufficient to remove any improper impression from the minds of the jurors. *Pruitt v. State*, 176 Ga. App. 317 (2) (335 SE2d 724) (1985). Appellant's reliance on *Perry v. State*, 154 Ga. App. 559 (269 SE2d 63) (1980) is misplaced. In that case, the prosecutor asked the defendant on cross-examination "if he previously had been charged with, pled guilty to, or convicted of possession of marijuana" and this court held that the question constituted prejudicial matter that placed the defendant's character in issue. Id. at 560-561. However, we find that the question asked in the case sub judice was not so prejudicial as the question posed in *Perry*, and the trial judge did not abuse his discretion in not granting a mistrial. See *Schirato*, supra.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 10, 1994 —
RECONSIDERATION DENIED MARCH 16, 1994.

*Whelchel, Dunlap & Gignilliat, Thomas S. Bishop, John F. Kennedy*, for appellant.

*Jerry Rylee, Solicitor, Inez D'Entremont, Assistant Solicitor*, for

appellee.