A95A1971. STUBBS v. THE STATE.
(469 SE2d 229)

SMITH, Judge.

David Mercer Stubbs was indicted by a Gwinnett County grand jury for aggravated assault, OCGA § 16-5-21 (a) (2), and kidnapping with bodily injury, OCGA § 16-5-40 (b). The jury returned a verdict of "guilty of assault" and "guilty of kidnapping with bodily injury."

1. On Count 1, aggravated assault, the jury was charged on the lesser offenses of pointing a pistol at another and simple battery. Upon written request from the jury during deliberations, the trial court gave a recharge on aggravated assault and simple battery. The jury returned a verdict on Count 1 of "guilty of simple assault."

"[S]imple assault is not a lesser included offense of an aggravated

assault in which a gun or a knife is alleged to have been used as a deadly weapon." (Citations and punctuation omitted.) *Strickland v. State*, 198 Ga. App. 570, 571 (1) (402 SE2d 532) (1991). If the trial court receives a verdict of guilty on a crime that was neither charged nor was a lesser included offense of a crime charged, then the verdict has the legal effect of an acquittal. *Cross v. State*, 124 Ga. App. 152, 153 (2) (183 SE2d 93) (1971).[1] The State does not contest that the verdict returned was on an uncharged offense and that simple assault was not a lesser included offense; the State has consistently taken the position at trial and on appeal that this verdict was a nullity and operated as an acquittal on Count 1. We agree. The trial court erred in sentencing Stubbs on Count 1, and this portion of the judgment of conviction and sentence must be reversed.

Stubbs further contends the verdict on Count 1 was inconsistent with the verdict on Count 2, because it shows that the jury misinterpreted the facts and the law and justifies the grant of a new trial as to Count 2. This argument relies upon the inconsistent verdict rule abolished by *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), and is without merit. See *Smashum v. State*, 261 Ga. 248, 249 (2) (403 SE2d 797) (1991).

2. Stubbs asserts the general grounds on appeal of his conviction of kidnapping with bodily injury. Construed to support the verdict, the evidence shows that Stubbs asked his estranged wife to go shopping with him to buy Christmas presents for their children. Instead he took her to an apartment, where he struck her, sat on top of her, and attempted to tie her up with duct tape. She avoided being taped up and managed to talk Stubbs into letting her go. He finally stood up, saying, "[I b]rought you here to kill you, but I can't go through with it."[2] He stated that he would take her back to her home, but instead took her to his mother's house, saying he had to get something. There he told her, "I've gone too far with this. You won't let me get away with this," and forced her into the car trunk.

As Stubbs drove away, he told his wife, "I'm going to kill you," and turned up the car radio so that he could not hear her pleas. While he drove around for 30 to 45 minutes, she tried various means to escape from the trunk. Ultimately she succeeded in releasing the trunk

---

[1] At the trial of this case in 1991, the trial court did not have the benefit of *State v. Freeman*, 264 Ga. 276 (444 SE2d 80) (1994), reversing *Freeman v. State*, 210 Ga. App. 183 (435 SE2d 461) (1993). It is now clear that the trial court should refuse to receive a verdict not within the range of its instructions and "should return the jury for further deliberation with direction to return a verdict within the range of the instructions originally given to it." *Freeman*, supra, 264 Ga. at 278.

[2] The charge of aggravated assault was based upon the victim's observation that Stubbs "had a gun" during this episode. He pointed the gun at his own head, pointed it at the victim's head, then back at his own head, "waving it around."

mechanism from the inside, waited until she heard traffic behind her, opened the trunk lid, and waved for help. When the trunk lid flew up Stubbs slowed the car, and his wife leaped from the trunk and ran barefoot down the middle of the road towards a car that had stopped. She had reached the car and was asking the occupants for help as Stubbs overtook her, grabbed her by the hair, and began to drag her back towards the car. She managed to get away from him and ran towards another vehicle that had stopped. Stubbs first fled the scene, then returned within a few minutes. He told the crowd that had gathered that his wife was "crazy" and that it was "just a squabble." A bystander, however, had already called police and prevented Stubbs from leaving by disabling the car. When the police officer arrived, Stubbs volunteered to him that he did not know his wife was in the trunk. He maintained this position at trial and on appeal, contending the entire episode was an elaborate effort by his wife to "get" him in connection with their pending divorce proceedings.

Mrs. Stubbs's hands were cut in her attempts to free herself from the car trunk. Stubbs contends his wife's injuries fail to meet the requirement of kidnapping with bodily injury because she inflicted the injuries on herself in her attempts to escape. The statute itself provides, however: "if the person kidnapped shall have *received* bodily injury, the person convicted shall be punished by life imprisonment or by death." (Emphasis supplied.) OCGA § 16-5-40 (b). "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts but the presumption may be rebutted." OCGA § 16-2-5. When Stubbs kidnapped his estranged wife, attempted to prevent her escape by locking her in the car trunk, and informed her that he was going to kill her, the reasonable and probable consequence was that she would attempt to escape her impending death, even at the cost of some personal injury. Stubbs, therefore, was responsible for the injuries she received in her attempts to escape. There was ample evidence presented from which a rational trier of fact could reasonably find that Stubbs was guilty beyond a reasonable doubt of kidnapping with bodily injury in violation of OCGA § 16-5-40. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Fields v. State*, 216 Ga. App. 184, 188 (3) (453 SE2d 794) (1995) (evidence sufficient to support verdict of kidnapping with bodily injury where victim fell and scraped her knees as defendant attempted to prevent her flight).

3. Stubbs contends the trial court erred in overruling his motion for a mistrial after a non-responsive comment by a witness. This witness was told by Stubbs's wife that Stubbs had a gun. When Stubbs returned to the scene, the witness first ascertained that Stubbs was not armed then obtained Stubbs's car keys on the pretext of looking at a broken radiator hose and searched the car for a gun. On cross-

examination, he was questioned repeatedly about opening the trunk lid on Stubbs's car. He responded that he was looking on the trunk deck and under the seats for a gun because he was in "fear of my life and everybody else['s] life there. I'm not saying that he had a gun. All I'm saying was this boy was scared." The court asked for clarification on the colloquialism "this boy," confirming that the witness was referring to himself rather than to Stubbs or some other person.

Contrary to Stubbs's contention, a witness's statement that he was "scared" or "in fear of my life" is not an impermissible statement of opinion. Such testimony supports an essential element of many crimes, including reckless conduct, see *Jackson v. State*, 205 Ga. App. 827, 828 (1) (b) (424 SE2d 6) (1992), and robbery by intimidation, OCGA § 16-8-40 (a) (2), as well as such defenses as self-defense, OCGA § 16-3-21, and coercion, OCGA § 16-3-26.

Moreover, the witness had already testified on direct examination that he searched Stubbs's car to assure himself that Stubbs did not have a gun. On cross-examination, he was amplifying his reasons for opening and searching Stubbs's car in response to repeated questions by Stubbs's attorney regarding his actions. "Trial counsel may not take chances in propounding questions which may elicit damaging answers and then demand a mistrial on the basis of the answer. Furthermore, the decision of whether to grant a mistrial is within the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion. Under these circumstances we find no abuse of discretion. The trial court did not err in denying appellant's motion for a mistrial." (Citations and punctuation omitted.) *Bohannon v. State*, 208 Ga. App. 576, 581 (3) (d) (431 SE2d 149) (1993).

4. Stubbs contends the trial court commented on the evidence in violation of OCGA § 17-8-57 in sustaining an objection to his closing argument by ruling that the argument was unsupported by the evidence. This contention is completely without merit. The trial court, in ruling on such an objection, must determine whether counsel's argument is "reasonably suggested by the evidence." *Durden v. State*, 250 Ga. 325, 329-330 (6) (297 SE2d 237) (1982). "[R]emarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." (Citations and punctuation omitted.) *Crowe v. State*, 265 Ga. 582, 594 (19) (458 SE2d 799) (1995).

5. The court reporter noted that "a portion of the transcript is missing because person or persons unknown to this reporter entered the court reporter's office and damaged one of the tapes of the trial and this portion of the trial was deleted from the tape." Stubbs complains of the preparation of this portion of the transcript from recollection pursuant to OCGA § 5-6-41, contending this procedure effectively deprived him of his right to appeal. This contention is also without merit.

OCGA § 5-6-41 (f) and (g) set out the procedure for seeking to correct an inaccurate or incomplete transcript, and for providing a transcript from recollection when a transcript of proceedings is unobtainable. These Code sections provide for resolution by the trial court of disputes between the parties as to the content of such transcripts. This procedure is appropriate in felony cases. *Zant v. Cook*, 259 Ga. 299, 300 (379 SE2d 780) (1989). The State filed a proposed summary of the missing material, and the trial court issued an order pursuant to OCGA § 5-6-41 (f) and (g) certifying the contents of the missing portion of the transcript from recollection. Stubbs did not participate in this process, apparently standing on the contention made in his previously filed motion for new trial that the unavailability of a portion of the transcript required the grant of a new trial.

Stubbs's reliance on *Knowles v. State*, 156 Ga. App. 389 (274 SE2d 590) (1980), is misplaced. First, that decision was reversed by the Supreme Court in *State v. Knowles*, 247 Ga. 218 (274 SE2d 468) (1981), holding that although the trial court, counsel, and court reporter were unable to decipher portions of surveillance tapes played by the State at trial, the record and transcript were sufficiently complete and accurate to afford a full and fair review. *Knowles*, supra, 247 Ga. at 219. Second, the trial court acknowledged it was unable to decipher the tapes and invited this Court to do so. *Knowles*, supra, 156 Ga. App. at 390. OCGA § 5-6-41 (g) provides explicitly for those cases in which the parties cannot agree as to the correctness of a transcript from recollection, and Stubbs did not follow that procedure here. The trial court did not err in following the prescribed statutory procedure for supplementation of the trial transcript.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JANUARY 25, 1996 —
RECONSIDERATION DENIED FEBRUARY 7, 1996 —

*Glyndon C. Pruitt*, for appellant.
*Daniel J. Porter, District Attorney, Pamela D. South, Assistant District Attorney*, for appellee.