A97A0019. McKIBBONS v. THE STATE.
(486 SE2d 679)

McMURRAY, Presiding Judge.

Defendant McKibbons appeals her conviction of voluntary manslaughter. The victim was defendant's son, Theodore Demetrius Russell. *Held:*

1. The trial court did not err in denying defendant's motion for new trial on the general grounds. Stated in the light most favorable to sustaining the verdict of the jury, the evidence at trial showed that the victim drove defendant and his grandmother to the theater where it was discovered that the performance had been canceled. Upon their return home a dispute arose between the victim and defendant concerning the volume at which the victim was playing a radio. The noisy argument continued for a time in defendant's bedroom behind a closed door. The victim then exited defendant's room and was following his grandmother towards the den of the home when defendant came out of her room with a revolver. Defendant

---

approached the victim holding the revolver up while defendant's mother (the victim's grandmother) shouted "don't do that," but defendant fired the revolver fatally wounding the victim.

Defendant testified and described a physical fight with the victim in which she was hit, thrown against furniture, and threatened with a knife. The revolver fired unintentionally according to defendant. Police officers testified that there was no visible injury to defendant and she did not seek treatment for any physical injury. A firearms expert testified that the revolver would not fire unless the trigger was pulled.

"With respect to [defendant's] intent to kill, criminal intention is a jury question, and a jury's finding on that issue will not be disturbed on appeal unless contrary to the evidence and clearly erroneous. See *Peterson v. State*, 204 Ga. App. 532, 533 (1) (419 SE2d 757) (1992). 'Criminal intent rarely can be proved by direct evidence, but its existence may be inferred by the trier of fact upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' (Citations and punctuation omitted.) Id. Additionally, a presumption exists that persons of sound mind and discretion intend the natural and probable consequences of their acts. See *Stubbs v. State*, 220 Ga. App. 106, 108 (469 SE2d 229) (1996); see also OCGA § 16-2-5." *Carlton v. State*, 224 Ga. App. 315, 316 (1) (480 SE2d 336). In the case sub judice, the evidence was sufficient to authorize a rational trier of fact to determine defendant's guilt, beyond a reasonable doubt, of voluntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Carlton v. State*, 224 Ga. App. 315, 316 (1), supra.

2. The first enumeration of error maintains that the trial court erred in allowing the State to elicit hearsay testimony regarding prior difficulties between defendant and the victim. The State attempted to elicit such testimony from two witnesses.

Witness Brooks testified that he became familiar with the victim through the "Big Brothers Program." After serving as the victim's mentor under this program for over a year and a half, Brooks continued to be a friend and confidant. After high school, the victim resided with Brooks until the time of his death.

Over defendant's objections on several grounds, including that it was hearsay, Brooks was permitted to testify concerning a 1990 conversation in which the victim had told about prior difficulties with defendant. In that conversation, the victim had stated that he had been cutting hedges, that defendant was dissatisfied with the job the victim was doing, and that defendant was being verbally abusive. When the victim had talked back, defendant had threatened to go get her "gun" and shoot him. The defendant left the scene for a short time and then returned to tell the victim that he was lucky because

she could not find her "gun."

Subsequently, Brooks confronted defendant concerning the incident the victim had related to him. Defendant acknowledged the incident but opined that it was not Brooks' business.

While hearsay may not be admitted solely on the ground that it concerns prior difficulties, the testimony concerning the 1990 conversation falls within the necessity exception to the hearsay rule. "The two prerequisites for the admission of hearsay because of necessity are 1) necessity, and 2) particularized guarantees of trustworthiness. *McKissick v. State*, 263 Ga. 188 (429 SE2d 655) (1993). The first prerequisite is satisfied since the victim, who is now unavailable as a witness because [he] is deceased, made the statement. Id. at 189. As to the second requirement, the declaration of the decedent is admissible when it is coupled with circumstances which attribute verity to it. *White v. White*, 262 Ga. 168 (415 SE2d 467) (1992); see also *C & S Bank of Albany v. Swain*, 185 Ga. App. 881, 884 (366 SE2d 191) (1988) (Beasley, J., dissenting)." *Roper v. State*, 263 Ga. 201, 202-203 (2) (429 SE2d 668). Here, the statements were made by the victim to a friend and mentor in whom he placed great confidence as reflected in the relationship between the two which had developed over a period of approximately seven years. Also, we have in this case the evidence of the defendant's acknowledgment which corroborated the victim's statements to Brooks. Considering the totality of the circumstances there were sufficient indicia of trustworthiness. The evidence concerning the victim's 1990 statement to Brooks was properly admitted. *Roper v. State*, 263 Ga. 201, 203, supra.

Witness Battle also gave prior difficulties testimony of which defendant complains. While the defendant's objection to this witness' testimony was sustained and the jury was instructed at length to disregard the testimony of this witness, defendant maintains that her motion for mistrial should have been granted. However, defense counsel failed to state any basis for the motion for mistrial, and the curative instructions given by the trial court were sufficient to remove any improper impression arising from the testimony of witness Battle. *Willingham v. State*, 212 Ga. App. 457, 458 (442 SE2d 4); *Mathis v. State*, 204 Ga. App. 896, 898 (3) (420 SE2d 788).

3. Defendant also contends that the trial court erred in permitting the State to present certain similar transaction evidence. *Williams v. State*, 261 Ga. 640, 641-642 (2) (409 SE2d 649) provides that before admission of similar transaction evidence, the State must affirmatively show that (1) it is introducing evidence of an independent offense or act for an appropriate purpose, (2) there is sufficient evidence to establish that the accused committed the independent offense or act, and (3) there is sufficient connection or similarity between the independent offense or act and the crime charged so that

proof of the former tends to prove the latter. Defendant maintains that the State failed to make the required showing as to the third requirement; in other words, defendant argues that there was no logical connection between the two incidents so that proof of the similar transaction incident tended to establish the crime of which she was convicted.

The similar transaction evidence at issue showed a dispute between defendant and a next-door neighbor. The neighbor was cutting hedges on her (the neighbor's) property when defendant objected. Defendant proceeded onto the neighbor's property, threatened her with a rake, and also threatened to shoot the neighbor. The neighbor called police. A police officer who responded to the call testified as to speaking to defendant and stated that defendant acknowledged threatening the neighbor and mentioned that she had a .38 caliber handgun.

As in *Willis v. State*, 214 Ga. App. 479, 480 (3) (a) (448 SE2d 223), the similar transaction evidence tended to show defendant's "temper and [her] propensity to settle disagreements with a gun. . . ." The trial court did not err in admitting the similar transaction evidence to show defendant's bent of mind and to rebut her claim that she did not intend to fire the revolver. See also *Farley v. State*, 265 Ga. 622, 623 (2) (458 SE2d 643); *Edwards v. State*, 261 Ga. 509, n. 2 (406 SE2d 79); *Gentry v. State*, 250 Ga. 802, 803 (1) (301 SE2d 273); *Jordan v. State*, 192 Ga. App. 69, 70 (2) (383 SE2d 631).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MAY 14, 1997.

Before Judge Jenrette.

*Rubin, Winter, Rapoport & Hall, Robert G. Rubin, Yonette M. Sam-Buchanan*, for appellant.

*Lewis R. Slaton, District Attorney, Ronnie E. Dixon, Elizabeth W. Morn, Assistant District Attorneys*, for appellee.