## A03A2498. SCRADERS v. THE STATE.
### (589 SE2d 315)

ANDREWS, Presiding Judge.

Tobijah Scraders appeals from the trial court's denial of his general demurrer to an indictment charging him with involuntary manslaughter in the commission of an unlawful act. For the following reasons, we find the indictment was fatally defective and reverse.

Under OCGA § 16-5-3 (a),

> [a] person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony.

The State's indictment of Scraders for involuntary manslaughter under OCGA § 16-5-3 (a) stated that:

> [W]hile in the commission of an unlawful act, to wit: possession of a firearm by a person under the age of 18 years, which is a misdemeanor, [the accused did] cause the death of Tavaris Brown, a human being, without any intention to do so.

Scraders filed a general demurrer challenging the validity of the indictment on the basis that it failed to allege an essential element of the offense — commission of a nonfelonious unlawful act that caused the unintended death.

> The true test of the sufficiency of an indictment that will withstand a general demurrer is as follows: If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good.

(Citations and punctuation omitted.) *Lowe v. State*, 276 Ga. 538, 539 (579 SE2d 728) (2003). The essential elements of the offense of involuntary manslaughter in the commission of an unlawful act are "first, intent to commit the unlawful act; and secondly, the killing of a human being without having so intended but as the *proximate result* of such intended unlawful act." (Punctuation omitted.) *Paulhill v. State*, 229 Ga. 415, 418 (191 SE2d 842) (1972).

Even if Scraders admitted to the allegation in the indictment that he intended to commit the unlawful act of misdemeanor possession of a firearm by a person under the age of 18 years (see OCGA § 16-11-132), and admitted to the further allegation that he uninten-

tionally caused Brown's death by commission of that unlawful act, he would not be guilty of involuntary manslaughter in the commission of an unlawful act. A charge of involuntary manslaughter in the commission of an unlawful act involving use of a firearm can be based on an allegation that the unintentional killing was caused by the accused's commission of misdemeanor offenses such as pointing the firearm at the victim or reckless conduct with the firearm. *Motes v. State*, 192 Ga. App. 302, 303 (384 SE2d 463) (1989), overruled on other grounds, *Smith v. State*, 268 Ga. 196, 200, n. 5 (486 SE2d 819) (1997); *Grimes v. State*, 199 Ga. App. 152, 153 (404 SE2d 324) (1991). However, it is not sufficient to allege that the unintentional death was caused solely by the accused's unlawful possession of the firearm. *Paulhill*, 229 Ga. at 417-418; *Carlton v. State*, 224 Ga. App. 315, 318 (480 SE2d 336) (1997). Because the State failed to allege that Scraders committed an unlawful act which under any circumstances could be the proximate cause of the unintentional death, the indictment for the offense of involuntary manslaughter was fatally defective.

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 23, 2003.

*Hogue & Hogue, Laura D. Hogue*, for appellant.
*Howard Z. Simms, District Attorney, Eugene Felton, Jr., Assistant District Attorney*, for appellee.