306 Ga. 446
FINAL COPY

S19A0739.  CHEEVES v. THE STATE.

MELTON, Chief Justice.

Following a jury trial, Kendrick Cheeves was found guilty of malice murder and various other offenses in connection with the shooting death of Quinton Henderson.[1] On appeal, Cheeves contends only that the trial court erred by failing to charge the jury on involuntary manslaughter. For the reasons that follow, we affirm.

---

[1] On April 30, 2015, Cheeves was indicted for malice murder, felony murder predicated on aggravated assault, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Following a June 22-25, 2015 jury trial, Cheeves was found guilty on all counts. On June 25, 2015, the trial court sentenced Cheeves to life in prison without the possibility of parole for malice murder and five consecutive years for each of the weapons charges. The trial court merged the aggravated assault count into the malice murder count for sentencing purposes, and the felony murder count was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Cheeves filed a motion for new trial on July 17, 2015, and, following a September 16, 2016 hearing, the trial court denied the motion on August 10, 2018. Cheeves filed a timely notice of appeal on August 24, 2018, and his appeal was docketed to the April 2019 term of this Court and submitted for a decision on the briefs.

1. Viewed in the light most favorable to the jury's verdict, the evidence presented at trial reveals that, on April 11, 2014, Henderson drove to his uncle's house with Meshari Brown and Marshall Westmoreland. Several other individuals, including Nathaniel Wellmaker, also joined the men at Henderson's uncle's house. When Henderson arrived at the house, Cheeves, a convicted felon, walked up to Henderson's car. Henderson got out of his car and spoke to Cheeves. Brown observed that, although he could not hear what Henderson and Cheeves were saying to each other, Henderson was not being aggressive when he initially interacted with Cheeves. Nevertheless, Henderson and Cheeves began arguing, and Wellmaker separated Henderson from the confrontation by pulling him back to Henderson's car. But Henderson walked back over to where Cheeves was standing. Cheeves pulled out a gun and started waving it around, and he pointed the gun in Henderson's face. Henderson continued to argue with Cheeves. Cheeves then shot Henderson while angrily saying, "F**k this ni**er. F**k that ni**er." The wounded Henderson

turned and tried to run away from Cheeves, but Cheeves followed him and continued to fire at him, hitting him at least six times. Some of the gunshots occurred after Henderson had already fallen to the ground. Henderson suffered nine gunshot wounds, including one behind his right ear and one in his upper back shoulder; he died at the scene. Cheeves got into a car and fled. When police arrived, witnesses to the incident informed them that Cheeves had shot Henderson.

Although Cheeves has not challenged the sufficiency of the evidence in this case, it is our customary practice to review the sufficiency of the evidence in murder cases. See, e.g., *Wainwright v. State*, 305 Ga. 63 (1) (823 SE2d 749) (2019). Having done so, we conclude that the evidence presented at trial was sufficient to authorize a rational jury to find Cheeves guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, Cheeves contends that the trial court erred by failing to give his requested jury instruction on

involuntary manslaughter based on reckless conduct. See OCGA §
16-5-3 (a) (involuntary manslaughter based on commission of an
unlawful act other than a felony) and OCGA § 16-5-60 (b)
(misdemeanor reckless conduct).

While the record does not entirely support Cheeves's
contention that he clearly requested a charge on involuntary
manslaughter, even if we assume from the record that he did request
such a charge, there is no error. "A person commits the offense of
involuntary manslaughter in the commission of an unlawful act
when he causes the death of another human being without any
intention to do so by the commission of an unlawful act *other than a*
*felony . . .*" (Emphasis supplied.) OCGA § 16-5-3 (a).

> [T]he essential elements of the crime of involuntary
> manslaughter in the commission of an unlawful act are, first,
> intent to commit the unlawful act [other than a felony]; and
> secondly, the killing of a human being without having so
> intended but as the proximate result of such intended unlawful
> act.

(Citation, punctuation and emphasis omitted.) *Paulhill v. State*, 229
Ga. 415, 418 (2) (a) (191 SE2d 842) (1972).

Here, the evidence at trial revealed only a killing resulting from felony aggravated assault with a deadly weapon (see OCGA § 16-5-21 (a) (2)), not a death that proximately resulted from Cheeves "consciously disregarding a substantial and unjustifiable risk that his act or omission w[ould] cause harm or endanger the safety of [Henderson] and [that] the disregard constitute[d] a gross deviation from the standard of care which a reasonable person would [have] exercise[d] in the situation . . ." OCGA § 16-5-60 (b). Indeed, the record shows only that Cheeves pointed a gun directly at Henderson and fired multiple rounds into him, and even continued to shoot Henderson while he was turned away from Cheeves and trying to escape. This evidence would not support the giving of a charge on involuntary manslaughter, and no other evidence was presented at trial to suggest that the shooting proximately resulted from reckless conduct rather than these felonious acts designed to kill Henderson. See *Paulhill*, supra, 229 Ga. at 418 (2) (a). See also, e.g., *Oliver v. State*, 274 Ga. 539 (4) (554 SE2d 474) (2001) (trial court properly refused to give charge on involuntary manslaughter where evidence

revealed that defendant ran up to victim, pointed pistol at him, and shot him). Because there was no error in the trial court's refusal to charge the jury on involuntary manslaughter based on reckless conduct, Cheeves's enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 5, 2019.

Murder. Spalding Superior Court. Before Judge Sams.

*Michael W. Tarleton*, for appellant.

*Benjamin D. Coker, District Attorney, Marie G. Broder, E. Morgan Kendrick, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew M. Youn, Assistant Attorney General*, for appellee.